## COMMONWEALTH *vs.* HUGH MCAFEE.

An indictment for manslaughter by striking the deceased upon her head, and throwing her upon the floor, is sustained by proof that the defendant struck her on the head with his hand, and that she fell upon the floor and was killed by striking on a chair in her fall.

A man has no right to beat his wife, although she is drunken or insolent; and if death ensues from such a beating, he is guilty of manslaughter at least.

INDICTMENT for the manslaughter of Margaret McAfee, charging that the defendant, at Boston, on July 3, 1871, "her, the said Margaret, did feloniously and wilfully strike, kick, beat, bruise and wound in and upon the head and body of her, the said Margaret, and her, the said Margaret, did throw upon the floor, thereby by the said striking, kicking, beating, wounding and throwing upon the floor, then and there giving to the said Mar-

garet divers and many mortal strokes, bruises and wounds, of which said mortal strokes, bruises and wounds the said Margaret then and there died."

At the trial in the superior court for Suffolk, before *Pitman*, J., a motion to quash the indictment was overruled, and need not now be stated. It appeared that the deceased, who was the defendant's wife, was drunk; that he struck her with his open hand one blow on the cheek and one about the temple; and that she fell upon the floor, and did not speak afterwards. Medical witnesses testified " that she had, by falling on a chair most probably, or by some external force, been affected by concussion of the brain and effusion of blood on the brain, and that thus her death was occasioned."

The defendant requested the judge to instruct the jury " that the husband had a legal right to administer due and proper correction and corporeal chastisement on his wife; that it was for the jury to say whether he had so done in this case, and whether his conduct was not lawful under this rule, upon the evidence; that the evidence would not sustain the indictment, as the latter did not allege a death by a striking of the defendant, which said striking caused a fall, which fall, under the circumstances, resulted fatally, by reason of her condition arising from intemperate habits; and that, even if the defendant had exceeded his lawful authority as husband, if the jury should find that the two blows were with the open hand, and were not such as the husband had any reason to believe, and did not believe, could produce any serious injury, he could not be convicted, although the death of his wife was hastened by the shock received in falling from the effects of the slap or slaps on her cheek by him."

The judge refused so to instruct the jury, and gave them the following instructions: " Upon any view of the facts in this case, which the testimony, taken most strongly for the defendant, will allow, there was, as matter of law, no justification for the blows given by the defendant to the deceased. If the unlawful blows of the defendant caused death, either directly, or by causing the deceased to fall upon the floor by the force and effect thereof, and so death thereby ensued, then the defendant is guilty of man-

slaughter." The jury returned a verdict of guilty, and the defendant alleged exceptions.

*C. H. Hudson*, for the defendant, referred only to cases which are cited in the opinion.

*C. Allen*, Attorney General, for the Commonwealth, besides the cases cited in the opinion, referred, on the question of variance, to *Commonwealth* v. *Macloon*, 101 Mass. 1; *Regina* v. *Bird*, 5 Cox Crim. Cas. 1, 20, 102; *Rex* v. *Mosley*, Mood. 97; *Rex* v. *Tye*, Russ. & Ry. 345; 2 Bishop Crim. Proc. § 518; and on the question whether a husband could lawfully beat his wife, to *Poor* v. *Poor*, 8 N. H. 307, 313; *State* v. *Buckley*, 2 Harrington, 552, 1 Bishop Crim. Law (5th ed.) § 891; 1 Bishop Mar. & Div. (4th ed.) § 754.

CHAPMAN, C. J.    The motion to quash the indictment was not insisted on in the argument, and the indictment appears to be sufficient. But it is contended that the cause of death is not truly stated, and that the evidence does not support the averment. The allegation is, that the defendant did strike, kick, beat, bruise and wound the deceased in and upon her head and body, and throw her upon the floor. The proof was, that he struck her with his open hand upon her cheek and about the temple, and she fell upon the floor and did not speak afterwards. Medical witnesses attributed her death to falling on a chair most probably, or to some external force, and believed that concussion of the brain or effusion of blood on the brain had been produced.

The defendant's counsel cites *Kelly's case*, 1 Lewin, 193, where it was held that, when a blow with the fist was stated as the cause of death, and it appeared that in consequence of the blow the deceased fell upon a piece of brick and was killed by it, the cause of death was not truly stated; also *Thompson's case*, Ib. 194, where the allegation was of a killing by a beating on the head, and it appeared that in consequence of the beating the deceased fell upon the floor and was killed by it, and it was held that the cause of death was not truly stated. If in this case the beating only had been stated, those cases would be in point. But here the throwing upon the floor is also stated; and the intervention of a chair standing upon the floor, or of some other hard sub-

stance, would make no material variation. The case comes within the rule stated in *Commonwealth* v. *Woodward*, 102 Mass. 155 ; the killing is set forth with as much particularity as is necessary for the defendant in order to prepare his defence. The allegation is as nearly correspondent with the proof as in *The Queen* v. *McIntyre*, 2 Cox Crim. Cas. 379 ; *Rex* v. *Waters*, 7 C. & P. 250 ; *Commonwealth* v. *Stafford*, 12 Cush. 619 ; *Commonwealth* v. *Fox*, 7 Gray, 585.

The beating of the defendant's wife was unlawful. In *Pearman* v. *Pearman*, 1 Swab. & Tristr. 601, it is said that there is no law authorizing a man to beat his drunken wife. Beating a wife is held to be unlawful in New York. *People* v. *Winters*, 2 Parker Crim. Cas. 10. *Perry* v. *Perry*, 2 Paige, 501, 503. There is no authority in its favor in this Commonwealth. Beating or striking a wife violently with the open hand is not one of the rights conferred on a husband by the marriage, even if the wife be drunk or insolent. The blows being illegal, the defendant was at least guilty of manslaughter. *Commonwealth* v. *Fox*, 7 Gray, 585. *Exceptions overruled.*