# Walker *v.* The State.

*Indictment for an Assault and Battery with a Weapon.*

1. *Assault and battery; what is a fatal variance.*—Where an indictment charges an assault and battery "with a weapon, to-wit, a gun," and the evidence shows that the offense was committed without a weapon, as with the hand or fist, this is a fatal variance.

APPEAL from Macon Circuit Court.

Tried before Hon. JAMES E. COBB.

The defendant in the lower court, appellant here, was indicted for an assault and battery "with a weapon, to-wit, a gun ; " and was convicted of an assault. The evidence for the State tended to show that the defendant was guilty of an assault and battery on the prosecutrix, but failed to show whether or not a weapon was used. The defendant made a statement under the statute, which tended to show that at the time of the alleged difficulty he had a gun, but that he did not strike the prosecutrix with it, or attempt to use it. The court charged the jury, among other things, that they "might find the defendant guilty of an assault with a weapon, or of an assault and battery, or of an assault, as they might determine from the evidence." To this charge the defendant excepted ; and it is here assigned as error.

W. C. BREWER, and WATTS & SONS, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The indictment charges the defendant with having assaulted and beat the prosecutrix " with a *weapon, to-wit,* a gun."

The rule is, that *the mode* of committing an offense must generally be proved as laid in the indictment, as least in substance.—Roscoe's Cr. Ev. * 89–90. This principle embraces the *instrument* through the agency of which the crime is perpetrated. The evidence must show it to be of the same substantial nature with the description given. Precise conformity in every

2

particular is never demanded, but it must be shown to correspond in general character and operation with the averments of the indictment. Such matters of description, even though alleged with unnecessary particularity, often become essential to the fact of identity.—Whart. on Cr. Ev. (8th Ed.) §§ 91–92; 1 Greenl. on Ev. § 65.

It is clear that if an indictment charges an assault and battery *with a weapon*, as is the case here, and the evidence shows that the offense was committed *without a weapon*, as with the hand or fist, there is a fatal variance. The charge of the court was erroneous in refusing to recognize this principle.—*Johnson v. The State*, 35 Ala. 363; 1 Bish. on Cr. Proc. §§ 485–486; *Rodgers' case*, 50 Ala. 102; 1 East. P. C. 341; *Filkins v. People*, 69 N. Y. 101, (S. C. 25 Amer. Rep. 143); Whart on Cr. Ev. §§ 91–92; 1 Greenl. on Ev. § 65.

Reversed and remanded.