CASE 12—INDICTMENT—OCTOBER 22.

## Helmerking v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT. CRIMINAL DIVISION.

1. CRIMINAL LAW—VARIANCE.—Upon the trial of a defendant under an indictment charging him with murder by "striking, beating, bruising and mortally wounding" the deceased, he can not be convicted upon evidence that he knocked deceased down, and that in falling deceased struck his head against some hard substance which caused his death.

PHELPS & THUM FOR APPELLANT.

1. There was a fatal variance between the allegations of the indictment as to the manner in which deceased was killed, and the evidence disclosed upon the trial, and the peremptory instruction to find the defendant not guilty should have been given. Guedel v. ThePeople of the State of Illinois, 43d Ill., p. 226, et seq.; Rex v. Kelly, 1 Moody C. C., page 113; Rex v. Thompson, 1 Moody C. C., page 139; Greenleaf on Evidence, vol. 1, sec. 65; Greenleaf on

Evidence. vol. 3, sec. 140; Penrod v. People of the State of Ill., vol. 89, page 150; Davis v. The People, 19 Ill., page 74; Wharton on Criminal Law, sec. 1059; 4 Blackstone (note Cooley); 1 Russell on Crimes, 557; 4 Russell on Crimes, 793; 1 Greenleaf on Evidence 65; 3 Greenleaf on Evidence, 140; 16 B. Monroe, 207; 1 Metcalfe, 368; 3 Mccalfe; 9 Bush, 178; 13 Bush, 720; Am. & Eng. Ency. of Law, vol. 10, page 556; Com. v. Dean, 109 Mass., 352; Penrod v. State, 89 Ill., 150; Com. v. McCarty, 145 Mass.; Thomas v. Com., 14 Ky. L. R., 288.

W. S. TAYLOR FOR APPELLEE.

1. Under the instructions of the Court the jury was compelled to believe before they could convict defendant, that deceased came to his death from the striking, beating, bruising and wounding inflicted by defendant, and its finding of fact is conclusive and can not be disturbed.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT:

The appellant, Henry Helmerking, was indicted, tried and convicted in the Jefferson Circuit Court upon an indictment charging him with the murder of Joseph Graf, and his punishment fixed at a fine of $200 and ninety days' imprisonment in the county jail.  His motion for a new trial having been overruled, he has appealed from the judgment.

Several grounds for a new trial were relied on, but the one most earnestly urged here is the variance of the proof from the allegation in the indictment.  We quote from the indictment as follows:

"Did unlawfully, willfully, maliciously, feloniously and of his malice aforethought, kill, slay and murder Joseph Graf, by striking, beating, bruising and mortally wounding him, the said Joseph Graf, with his hands and fists, in and upon the head, body and person of him, the said Joseph Graf, from which said striking, beat-

ing, bruising and mortally wounding as aforesaid the said Joseph Graf did then and there die."

The evidence seems to clearly establish the fact that, prior to the time of the difficulty, the defendant and deceased were friends, and, but a few minutes before the difficulty, drank together; and there is proof conducing to show that appellant had left the saloon and gone out in the street or upon the sidewalk, with intent to go home, and that deceased followed out and, going towards appellant, asked him if he (appellant) said he owed him, and appellant said yes; and deceased then called appellant a d—d liar, and that appellant struck him and knocked him partly down, and after he got up and possibly started towards appellant and perhaps used insulting or threatening words, appellant again struck him and knocked him down, deceased falling on his back towards the house, on a cellar door or something. Soon thereafter appellant went home. Deceased was assisted to his home and died before next morning.

The proof seems to clearly show that deceased head struck some hard substance and fractured his skull and thereby caused his death. The jury evidently thought that appellant was not acting in his own necessary defense; but did not think he was either guilty of murder or voluntary manslaughter.

The contention of appellant is that there is no proof that the blows inflicted produced the death of deceased; that death was the result of the head striking some hard substance, and it seems clear that that con-

tention is sustained by the evidence.    It is further con-
tended by appellant that the proof as to the manner of
the killing was so variant from the allegations made in
the indictment that the peremptory instruction asked
by appellant should have been given and that the mo-
tion to dismiss the indictment should have been sus-
tained.

Section 122 of the Criminal Code requires a state-
ment of the acts constituting the offense, and the rule
is well settled that the evidence must substantially
sustain the allegations of the indictment as to the acts
constituting the offense, and the authorities go so far
as to hold that if the description given might be
omitted, yet the main facts alleged must be proven as
laid.

In the case of Clark v. Commonwealth, 16 B. Mon.,
207, indicted for having counterfeit bills payable at cer-
tain named banks, with intent to pass the same, the
proof showed that he had counterfeit bills with intent
to pass the same which was an offense; but the
proof failed to show that any of them were
payable by any of the banks named, or pur-
ported to be issued by such banks.     At the con-
clusion of the evidence the defendant asked the court
to instruct the jury that, unless the jury should believe
from the evidence, to the exclusion of a reasonable
doubt, that the defendant had, before the finding of the
indictment, in his possession a counterfeit bank bill of
the denomination and description mentioned, with the
intention of passing the same, they should acquit him;

which instruction was refused by the trial court. Upon appeal to this court it was held that the instruction should have been given, although the evidence showed the possession of counterfeit bills with intent to pass the same.

In the case of Guedel v. The People, 43 Ills., 226, the court discusses at length the same question and holds that an indictment for murder committed by shooting from a gun can not be sustained by evidence of the killing by striking on the head with a gun, and that an acquittal under such an indictment does not bar another trial charging that the murder was committed by striking deceased on the head with a gun. The court also quotes with approval from Greenleaf on Evidence, volume 3, section 140. We quote as follows from the section *supra:*

"But if the evidence be of death in a manner essentially different from that which is alleged, as if the allegation of stabbing or shooting, and the evidence be of death by poisoning, or the allegation be of death by blows inflicted by the prisoner, and proof be that the deceased was knocked down by him and killed by falling on a stone, the indictment is not supported."

It is suggested by the Commonwealth that the question as to the killing in this case, as alleged in the indictment, was submitted to the jury and a verdict of guilty rendered.

If there was any proof at all to authorize or sustain that verdict this court could not set it aside unless

other errors of law had occurred, but we are satisfied that the jury was of opinion that, as the blows caused deceased to fall and thereby meet his death, that this proof sustained the allegations of the indictment; but such is not the legal effect of such evidence.    There was, in fact, no proof that the blows killed the deceased; but, on the contrary, it is pretty clear that, if his head had not struck some hard or sharp object, that he would have sustained but a slight injury.

While it may be true that appellant could have been legally convicted and punished for the killing, if he did it, yet the acts constituting the killing would have to be alleged in the indictment.

It results from the foregoing that the court below erred in refusing the peremptory instruction asked by appellant.

The judgment appealed from is, therefore, reversed and the cause remanded, with directions to set aside the verdict and judgment and award a new trial, and for proceedings consistent with this opinion.