## DOUGLAS SHELTON v. THE STATE.

### No. 3741. Decided February 6, 1907.

**1.—Aggravated Assault—Continuance—Want of Diligence.**

Where upon trial for aggravated assault, the testimony set out in the application for continuance was clearly disproved upon trial by the defendant and others, and there was no process issued for the witnesses which was ever served, the applicaation was correctly overruled.

**2.—Same—Motion for new Trial—Variance—Information—Proof—Unknown Weapon.**

Where upon trial for aggravated assault, the information and complaint alleged that the instrument with which the assault was committed was unknown to affiant but was a sharp instrument and a deadly weapon, and the proof showed that the prosecuting witness upon whom the assault was made knew that the instrument was a knife, and that the affiant to the complaint talked with him but did not ask him as to the character of the instrument. Held, that no specific statement as to the character of the instrument was required in the complaint, that there was no variance, and that proof as to the character of the weapon was admissible.

**3.—Same—Special Charge—Misdemeanor.**

Upon trial for aggravated assault where no special charge was requested as to whether another person did the cutting, there was no error.

Appeal from the County Court of Johnson. Tried below before the Hon. J. D. Goldsmith.

Appeal from a conviction of aggravated assault; penalty, a fine of $200.

The party assaulted testified that in returning home on the train, he stood on the platform of the car in front of the negro coach; that the defendant, a negro, came out and vomited, and a bystander told him "puke it up"; that when this was said defendant became angry, cursed and drew his knife and cut the witness before he could get back into the coach; that witness was cut in two places on the shoulder, once from behind and was also cut in the back. Defendant denied the cutting and said he did not go out on the platform.

*A. P. McKinnon,* for appellant.—As to question of weapon used and allegation that its character was unknown: Warrington v. State, 1 Texas Crim. App., 168; Hampton v. State, 5 Texas Crim. App., 463; Allen v. State, 8 Texas Crim. App., 361; Gray v. State, 11 Texas Crim. App., 411; McGrew v. State, 19 Texas Crim. App., 302.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of aggravated assault, and his punishment assessed at a fine of $200.

Appellant filed a motion for continuance. The application shows that the defendant bases same upon the testimony of the conductor and brakeman on the train where the assault is alleged to have occurred, and that he expected to prove by said witnesses "that before defendant was charged with the offense that the negro who it was said at the time did the cutting on the platform of the car jumped off the train and escaped, and that also besides said negro other negroes escaped from the train, before the train reached Itasca, when defendant was arrested." This testimony is clearly disproved by the testimony of defendant and other negroes on the train. There was no subpœna for said witnesses ever served, and the application shows that appellant does not now know where said witnesses are. There is no error in the ruling of the court.

In motion for new trial appellant insists that there is a variance in the allegations of the complaint and information and the proof in this; the information and complaint alleges that the instrument with which the assault was committed was unknown to the affiant who made the complaint and to the county attorney, when the proof showed without dispute that the prosecuting witness upon whom the assault is alleged to have been committed knew that the instrument was a knife and that the affiant to the complaint talked with said prosecuting witness and did not ask him what was the character of the instrument with which he was assaulted. The complaint alleges that the offense was committed with a sharp instrument, the name of which is unknown to affiant, the same then and there being a deadly weapon. The proof in the case shows that at the time the affidavit was made by the affiant that he did not know the character of weapon, but made the affidavit on information and belief, merely stating that the instrument used was a sharp instrument. Appellant insists that where the name of the instrument is unknown to the grand jury, that the proof must show that they used due diligence to secure the name before a prosecution can be successfully maintained, and cites authority to support this, but we know of no rule that requires a specific statement in the affidavit as to the character of the instrument, and certainly this would be true if the affiant making the affidavit did not know what kind of instrument it was. The information clearly informs appellant what he is charged with, and the allegation that he cut the prosecuting witness with a sharp instrument sufficiently informs him that he cut him with a dagger, dirk or knife, and under such allegation proof would be admissible to prove the character of weapon under the general allegation suggested.

The third ground in motion for new trial complains that the court did not give appellant time to prepare a special charge. There is no such bill of exceptions in the record. We find one bill to the action of the court in overruling motion for continuance.

Appellant's fourth insistence is that there was a variance in the allegation and proof as above discussed. There was no variance.

The last insistence is that the court erred in failing to charge the jury that even though the prosecuting witness was cut, if they believed from the evidence that he was cut by some other person than the defendant, to acquit. No special charge was requested. This being a misdemeanor, there could, in the nature of things, be no error in refusing same.

The charge of the court sufficiently presents the law of the case, and finding no error in the record, the judgment is affirmed.

*Affirmed.*