# Crenshaw *v.* The State.

### *Assault and Battery.*

(Decided Jan. 23, 1908. 45 South. 631.)

1. *Criminal Law; Trial; Argument of Counsel.*—While it is the better practice for counsel not to state their opinion of the effect of evidence, the court will not be put in error for refusing to exclude a statement by counsel that the evidence showed a clear case, etc.

2. *Assault and Battery; Criminal Liability; Instructions.*—Where the indictment charged an assault with a weapon, to-wit, a gun or pistol, an instruction which failed to state the character of the assault necessary to be proved under such indictment was erroneously given.

3. *Same; Criminal Negligence; Use of Fire Arms.*—A charge asserting that defendant was guilty if he had negligently handled the gun in disregard of the safety of others, characterizes the negligence as of the gross kind which is criminal, and was properly given where the defendant so carelessly handled a pistol while intoxicated as to cause the discharge wounding another.

4. *Criminal Law; Trial; Question for Jury; Instruction.*—A charge asserting that there was no evidence showing that the pistol was presented by defendant at the person alleged to have been assaulted, was invasive of the province of the jury, and it was for them to determine under the evidence how and with what intent it was fired.

5. *Same; Trial; Instructions; Indictment by Grand Jury.*—A charge asserting that the fact that the grand jury had returned an indict-

ment against the defendant is no evidence of his guilt and that the jury could not consider that fact in making up their verdict, was properly refused as the jury must consider that fact in determining whether or not the indictment found is sustained by the evidence.

APPEAL from the Walker Law and Equity Court.

Heard before Hon. William B. BANKHEAD, Special Judge.

General Crenshaw was convicted under an indictment charging assault and battery with a weapon, and assault with a weapon, and he appeals. Reversed and remanded.

The character of the charge and the facts relating thereto are sufficiently stated in the opinion of the court. In his oral charge to the jury the court said: "There are but two things for you to consider, and that is if there was an assault, and if there was an intent." And, further charging the jury, the court said: "If the defendant negligently handled the gun that inflicted the wound in disregard of the safety of others, then he would be guilty of assault and battery with a weapon." The defendant then requested in writing the following charges: (1) The affirmative charge as to the first count. (2) The affirmative charge as to the second count. (3) The general affirmative charge. (4) "I charge you, gentlemen of the jury, that if you believe all the evidence beyond a reasonable doubt you cannot convict the defendant." (5) "I charge you that the fact that the grand jury returned an indictment against the defendant is no evidence that the defendant is guilty, and you will not consider the fact that the grand jury investigated the case and found the indictment in making up your verdict." (6) "I charge you, gentlemen, that there is no evidence in the case showing that the pistol was presented at the person assaulted by the defendant."

M. L. LEITH, for appellant.

[Crenshaw v. The State.]

ALEXANDER M. GARBER, Attorney General, for the State.

SIMPSON, J.—The appellant was convicted under an indictment charging, first, that he "assaulted and beat Lula Crenshaw with a weapon, to wit, a gun or pistol"; and, second, that he "assaulted Lula Crenshaw with a weapon, to wit, a gun or pistol." The testimony of Lula Crenshaw was that she and the defendant were standing, facing each other, in a friendly conversation, when a pistol or gun was fired, the ball entering her leg between the knee and thigh, ranging downward, coming out on the other side, and striking the floor near her feet. She did not see the pistol. No one else was present. The defendant testified that he had been drinking; that the pistol fell out of his pocket, or hung on his pocket, in some way; that he did not remember in what position they were standing; that he did not remember having his hand on his pistol until after it dropped to the floor. Several witnesses stated that the parties were on perfectly friendly terms.

There was no error in the refusal of the court to exclude the expressions used by the solicitor in his argument to the effect that the evidence showed a clear case, etc. Although it is the better practice for counsel not to state his own opinion as to the effect of the evidence, yet such expressions are merely a part of the argument, and the court cannot be placed in error for refusing to exclude them.

The court erred in giving the first part of the written charge excepted to. There were in this case two counts in the indictment, one charging assault and battery, and the other, assault; but, even if this charge could be referred to the second count, it would be erroneous, for the reason that that count charges an assault with a

weapon, to wit, a gun or pistol. This charge makes no mention of the character of the assault necessary to be proved under said count.—*Walker v. State,* 73 Ala. 17.

Referring to the second part of the oral charge excepted to, we understand the expression, "in disregard of the safety of others," to characterize the negligence as of that gross kind which is criminal.—*Fitzgerald v. State,* 112 Ala. 34, 20 South. 966. Consequently there was no error in giving this charge.

Charges 1, 2, 3, 4, and 6, requested by the defendant, were properly refused. Besides the want of proper form as to some of them (*Moss v. State,* 146 Ala. 686, 40 South. 340, fourth headnote), it was a matter for the jury to determine as to how and with what intent the pistol was fired.

Charge 5 was a mere argument; and, besides, it is not correct to charge the jury that they are not to consider the fact that the grand jury have found an indictment, as they are bound to consider that fact in determining whether the indictment is sustained by the evidence.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.