# Huckabee v. The State.

## Murder.

(Decided Feb. 9, 1909. 48 South. 796.)

1. *Homicide; Instructions.*—It was error to refuse an instruction requiring the acquittal of defendant unless deceased died from the effects of a wound inflicted by defendant with a knife, since the indictment charged the killing by cutting with a knife, and the evidence showed that there were pistol wounds on deceased's body and incisive wounds which may have been inflicted by a knife, or by a barbed wire fence with which deceased came in contact.

2. *Same; Indictment; Evidence; Variance.*—Where the indictment charged that the defendant killed deceased by cutting him with a knife the defendant cannot be convicted upon proof that he shot deceased with a pistol or threw him against a wire fence, cutting him.

3. *Same; Cause of Death.*—It is not necessary that the blows given deceased by defendant, or the defendant's wrongful act, should be the sole cause of decedent's death, in order to render the defendant guilty of homicide; for if the blow or blows or the defendant's wrongful act, contributed to the death, or hastened it, the defendant would be responsible according to the circumstances of the particular case.

APPEAL from Dallas Circuit Court.

Heard before Hon. S. L. BREWER.

Sam Huckabee was convicted of murder and he appeals. Reversed and remanded.

ARTHUR M. PITTS, for appellant. The defendant should have been allowed to have shown that Emerson had been convicted.—*Wells v. The State,* 31 South. 572; *Traylor v. The State,* 100 Ala. 142. The court erred in refusing charge 2 requested by the plaintiff.—*Phillips v. The State,* 68 Ala. 471. Counsel discusses other assignments of error, but without citation of authority.

ALEXANDER M. GARBER, Attorney-General, for the State. The court did not err in reference to the admission and exclusion of evidence.—*Walker v. The State,* 58 Ala. 359. The remarks of counsel were properly excluded from the jury.—*Barnes v. The State,* 111 Ala 6. Charge 2 was properly refused.—*Boullemet v. The State,* 38 Ala. 83. Charge 11 was properly refused.— *Turner v. The State,* 97 Ala. 57. So was charge 12.— *Daughdrill v. The State,* 113 Ala. 7.

MAYFIELD, J.—The indictment in this case was as follows: "The State of Alabama, Dallas County. Circuit Court, Fall Term 1908. The grand jury of said county charges that, before the finding of this indictment, Sam Huckabee unlawfully and with malice aforethought killed Arthur Coleman by cutting him with a knife, against the peace and dignity of the state of Alabama. [Signed] J. F. Thompson, Solicitor for 4th Circuit.

The evidence was in conflict as to whether the deceased was cut with a knife or by a barbed wire. He had several wounds inflicted upon him during the altercation with the defendant. One was a pistol shot wound on his right leg; and he had an incised wound on the back of his neck, and a slight contusion on his right cheek, which closed his eye, and was bloody and spitting blood after the fight and before his death. It was

shown that a running fight had occurred between de-
fendant and deceased, which lasted several minutes;
each retreating at time and pursuing the other at times.
The deceased had a pistol, and defendant a knife. De-
ceased shot at defendant several time during the fight.
The defendant finally closed in on deceased, grappled
with him, and wrested the pistol from him. The pistol
was fired one or more times during this struggle, and
deceased fell or was thrown by defendant against a wire
fence—some witnesses saying it was of barbed wire;
others, that it was not.

The deceased was shown to be a bleeder; that is, a per-
son that bleeds freely from a slight wound, or upon
whom such a wound produces hemorrhages difficult to
check. It was shown that deceased bled much and for
a long time from these wounds, and for a long while
freely spat up blood. One of the surgeons examined by
the state testified that he could not say that the wound
on deceased's neck caused his death; that deceased died
about two weeks after he examined him; that, deceased
being a bleeder, his blood would not coagulate as it
would naturally, and that to such a person any wound,
no matter how slight, is dangerous; that a slight oper-
ation on such a person often causes death; that the
wound on deceased's neck, which was alleged to be a
knife wound, was doing well while he attended him; that
the wound on his cheek was not a knife wound, but that
it became swollen and gave him much trouble; that de-
ceased died from loss of blood, and probably from erysi-
pelous inflammation. The other surgeon examined by
the state testified that he saw deceased the night of the
injury, in March; that deceased had a wound on the
back of his neck, about three inches long and one-fourth
of an inch deep, clean cut; that deceased was a bleeder·

[Huckabee v. The State.]

that all wounds on a bleeder are considered dangerous; that such a wound as described would accelerate death; that he saw deceased no more after that night.

The defendant requested the court to give the following charge, which was in writing: "The court charges the jury that unless you are convinced beyond a reasonable doubt, from the evidence in this case, that the deceased, Arthur Coleman, died from the effects of a wound inflicted by a knife upon him by defendant, you must acquit the defendant." The court refused this charge, and in this we think there was error. The charge was a proper one, when applied to the facts in this case. There are cases in which it might be refused, because abstract, or were the cause of the death or the deodands are not disputed, or are admitted; but here the cause of the death and the deodands were disputed questions. The indictment charged singly and specifically that defendant killed deceased by cutting him with a knife. He could not be convicted under that indictment, if he killed deceased by any other means, and could not be convicted unless he inflicted the wound which caused, contributed to, or accellerated his death, and he must have inflicted that wound with a knife; and the jury must believe these facts beyond a reasonable doubt before the defendant could be properly convicted under said indictment.

The means by which an offense is committed, if unknown, and they do not enter into the essence of the offense, may be alleged to be unknown (Code 1907, § 7144); and if an offense may be committed by different means or intent, such means or intent may be alleged in the same count in the alternative (Code, § 7149). If an indictment alleges the means by which an offense is committed, it must be substantially, though not literally, proven as alleged. If it alleges that the defendant

killed the deceased with a knife, it is sufficient if the substance of the allegation be proven; i. e., proof that he killed him with a razor, or an instrument of like kind and character, would be sufficient. Or, if the allegation be that he killed him with a gun, proof that he killed him with a pistol would support it. But the allegation that he killed him by cutting him with a knife would not be supported by proof that he shot him with a pistol or threw him against a barbed wire fence.—*Phillip's Case*, 68 Ala. 471; *Hull v. State*, 79 Ala. 32; *Jones v. State*, 137 Ala. 12, 34 South. 681; *Walker v. State,* 73 Ala. 17.

It will appear from an examination of the authorities that a charge like the one in question should be given in some cases, and refused in others. The case at bar is one particular circumstanced to render the charge not only proper, but to render its refusal reversable error. Not attemptiing here to pass upon the weight of the evidence, it is, however, proper to say there was evidence to show that deceased came to his death independently of any wounds inflicted by a knife or instrument of like kind or character, and the defendant had the right to have the jury instructed upon this theory of the law; and this charge was a correct and fair exposition of the law as to this feature of the evidence. There was no evidence to show that any wound was inflicted with an instrument similar in kind or character to a knife. They were caused by a pistol, a knife itself, a wire fence, or some blunt instrument.

To render a defendant guilty of homicide, it is not necessary that the blow given by him, or that the agency or means used by him, or that his wrongful act, should be the sole or necessary cause of the death complained of. If his wrongful act, agency, means, blow, or the like, accelerates or contributes to the death, he may be respon-

sible, according to the circumstances of the particular case. It is said: "It is not permitted to the offender to apportion his wrong" in such cases. "Ordinarily, if a wound is inflicted, not dangerous in itself, and death was evidently occasioned by grossly erroneous treatment, the original author will not be accountable; but, if the wound be mortal or dangerous, the person who inflicted it cannot shelter himself under the plea of erroneous treatment."—*Parsons' Case*, 21 Ala. 301; *McAllister's Case*, 17 Ala. 434, 52 Am. Dec. 180; *Bowles' Case*, 58 Ala. 335; *Daughdrill's Case*, 113 Ala. 34, 21 South. 378; *Winter's Case*, 123 Ala. 1, 26 South. 949; Russell on Crimes (Int. Ed.) pp. 35, 36; Hale's P. C. 428; 1 East, C. L. 344, § 113.

The facts in this case are peculiar, in that the deceased was a bleeder. A slight wound upon such is shown to be dangerous, and frequently mortal; whereas, a similar injury inflicted upon a normal person would not be dangerous or even serious. Applying these rules of law to the particular case, we find no error as to other charges refused or given, nor as to rulings upon the evidence relating to the severity of the wounds, or to the mode of treatment thereof, when applied to the killing of a person whose natural physiology is abnormal. We have treated this phase of the case, because it will of necessity arise upon another trial. The other questions may not arise on another trial, and what we have said will probably be a sufficient guide.

For the error in refusing the charge above treated, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.