# Wilson v. The State.

*Assault and Battery.*

(Decided February 4, 1913. 60 South. 983.)

1. *Assault and Battery; Indictment; Variance.*—Where the affidavit and warrant issued by the justice of the peace, on which defendant was tried, charged an assault and battery with a knife, it made the means by which the assault and battery was committed material, and a conviction could not be had without proof that the act was committed with a knife or other instrument falling within its class.

2. *Appeal and Error; Harmless Error; Instruction.*—Where the affidavit and warrant charged an assault and battery with a knife, and the evidence was conflicting as to whether a knife was used, and the jury assessed a fine of only $12.50, it was harmless error to refuse instructions covering an assault and battery with a knife as the verdict indicated that the jury did not believe that a knife was used.

APPEAL from Pike County Law Court.

Heard before Hon. T. L. BORUM.

Tom Wilson was convicted of assault and battery, and he appeals. Reversed and remanded.

The following are the charges referred to: "(1) The burden is upon the state to prove the charge it makes against the plaintiff; so, in this case, the state charges

that defendant assaulted and beat Bob Harvey with a knife. It is therefore the duty of the state to prove to your satisfaction, and beyond a reasonable doubt, that the defendant did assault and beat Bob Harvey with a knife, and, if the state has failed to do this, you should acquit the defendant. (2) Although you may believe from the evidence that the defendant struck Bob Harvey, yet if you have a reasonable doubt as to whether or not he struck him with a knife, you should find the defendant not guilty."

E. R. BRANNAN, for appellant. The burden was on the state to show that a knife was used, else there was a variance. Hence, the court erred in refusing charges 1, 2 and 3.—*Walker v. The State,* 73 Ala. 17; *Crenshaw v. The State,* 153 Ala. 7; *Huckabee v. The State,* 159 Ala. 49.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—Where an indictment or warrant charges an assault and battery *with a knife,* the evidence, in order to sustain a conviction, must show that the offense was committed with a knife or other instrument falling within its class.—*Walker v. State,* 73 Ala. 18; *Huckabee v. State,* 159 Ala. 49, 48 South. 796; *Crenshaw v. State,* 153 Ala. 7, 8, 45 South. 631. This is true because the indictment or warrant, in such case, with unnecessary particularity describes the offense, thereby making the means by which it was committed material and narrowing the field of proof to an assault and battery committed by such means. Of course, on the other hand, if the indictment or warrant omits such allegation and charges simply an assault and battery, the

offender can be convicted under it, whether the proof shows that the act was committed with or without a knife or other weapon. In the present case the defendant was tried before the judge of the law court of Pike county upon affidavit made before and warrant issued by a justice of the peace of said county, made returnable to said court, charging the defendant with the offense of "assault and battery with a knife." On the trial the evidence was in conflict as to whether the assault and battery sought to be proved was with or without a knife. Unless the jury believed from the evidence beyond a reasonable doubt that it was done with a knife, then the defendant was entitled to an acquittal; for without this the offense proved was not the offense charged.

The court, in its general charge to the jury to which exception was duly taken and reserved by defendant's counsel, instructed them "that the charge of assault and battery with a knife embraced also the charge of a simple assault and battery, and that in this case they could find the defendant guilty of either assault and battery with a knife or of a simple assault and battery, as in their judgment the testimony warranted." We are of opinion that the court erred in this, as well as in refusing written charges Nos. 1 and 2, requested by defendant; and we cannot say that this error was not injurious.—*Walker v. State, supra,* and authorities before cited. There was a general verdict of guilty of assault and battery and a fine assessed by the jury of $12.50; the smallness of it indicating that they did not believe a knife was used in the assault and battery.

The judgment of the court below is therefore reversed, and the cause remanded.

Reversed and remanded.