THE PEOPLE, PLAINTIFF AND APPELLEE, v. GALARZA, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in
a Prosecution for Aggravated Assault and Battery.

No. 851.—Decided January 17, 1916.

ASSAULT AND BATTERY—EVIDENCE.—It is a general principle of common law that
when a homicide or an assault is charged as having been committed with a
particular instrument, the attack must be proved as laid.    The proof must
be in harmony with the charge.

ID.—FIREARM—KNIFE—EVIDENCE.—If it is alleged, however, that the weapon
used was a firearm or a knife, in the first case a revolver may be shown, and
in the second case, any other similar cutting instrument may be proved.

ID.—KICK—BLOW WITH FIST—EVIDENCE.—The allegation of a kick might be sup-
ported by proof of a blow with the fist when the injury is a direct result of
the kick or the blow, but not when the injury is caused, not directly by the
blow, but by a fall on the ground.

The facts are stated in the opinion.

Mr. Antonio Trujillo Güil for the appellant.

Mr. Salvador Mestre, fiscal, for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case, a case of assault and battery
with aggravated circumstances, charged substantially that
the defendant, Andrés Galarza, illegally and voluntarily
assaulted and battered the boy Ramón Alonzo, kicking him
on the leg and thereby breaking it.   The proof shows that
in the yard of a school at Bayamón some one of a group of
schoolboys threw a sucked orange at the defendant, another
schoolboy who had recently entered the school.   Angered by
this act, the defendant went up to the group and struck one
of them a blow with his fist, whereby the boy assaulted ap-
parently fell against a palm, slipped to the ground and broke
his leg.

The principal error assigned in this appeal is the variance
between the complaint and the proof.   Both the aggressor
and the boy assaulted were schoolboys and the specific mat-

ter of aggravation is that a serious bodily injury was inflicted upon the prosecuting witness.

It is a general principle of criminal law that when a homicide or an assault is charged with a particular instrument the attack must be proved as laid.   21 Cyc. 873; 2 R. C. L., Title Assault and Battery, par. 48; 10 Encyclopædia of Pleading and Practice, 128; *Commonwealth* v. *McAfee*, 108 Mass. 458; 11 A. R. 383; *Jones* v. *State*, 62 S. W. 758; *Wilson* v. *State*, 60 So. 983; *State of Louisiana* v. *Braxton, Jr.*, 47 La. Ann. 158.   If, however, a blow with a particular instrument is described, like a gun or a knife, if a gun is alleged a revolver may be shown, and if a knife is alleged any other similar cutting instrument may be proved.   *Elliot* v. *State*, 111 Pac. 820; *Shelton* v. *State*, 100 S. W. Rep. 955; *Gipe* v. *The State*, 165 Ind. 433, and cases *supra*.   Or, as said by the Indiana Court in *Gipe* v. *The State, supra*, the proof must agree with the allegation in its substance and generic character.

It has uniformly been held to be a variance to charge an injury from a blow and then prove an injury which follows from a fall as the result of a blow. `Helmerking` v. *Commonwealth*, 37 S. W. Rep. 264; *Koser* v. *People*, 224 Ill., 206; *State* v. *Reed*, 55 S. W. Rep. 278; *State* v. *Jenkins*, 94 A. D. 135; *State* v. *Lowber*, 1 Houston Crim. Rep. 340.   Perhaps in some cases the allegation of a kick might be supported by proof of a blow with the fist when the injury is a direct result of the kick or the blow, but under the authorities this could not be the case where the injury is caused, not directly by the blow, but by a fall on the ground.

The defendant is entitled to know the nature of the attack with which he is charged, and this is especially true in an assault case when the prosecution is attempting to prove a matter of aggravation.   There was clearly a variance between the complaint and the proof in the case at bar.   This being so, it is unnecessary to consider the other questions

raised in this appeal. The judgment must be reversed and the prisoner discharged.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.