EL PUEBLO, DEMANDANTE Y APELADO, *v.* GALARZA, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 2ª., en causa por delito de acometimiento y agre-
sión con circunstancias agravantes.

No. 851.—Resuelto en enero 17, 1916.

ACOMETIMIENTO Y AGRESIÓN — INCONGRUENCIA ENTRE LAS ALEGACIONES Y LA
PRUEBA.—Es un principio general de la ley criminal que cuando se alega que
un homicidio o acometimiento ha sido cometido con un determinado instru-
mento, debe probarse el ataque según fué alegado. La prueba debe estar
en armonía con la alegación.

ID.—ARMA DE FUEGO—CUCHILLO—REVÓLVER—INCONGRUENCIA ENTRE LAS ALEGA-
CIONES Y LA PRUEBA.—Sin embargo, si se alega que el instrumento usado fué
un arma de fuego o un cuchillo, puede en el primer caso, mostrarse un re-
vólver, y en el segundo puede probarse cualquier otro instrumento cortante
parecido.

ID.—PUNTAPIÉ—BOFETADA—CONSECUENCIAS DIRECTAS DEL GOLPE CAUSADO—CAÍDA
AL SUELO.—La alegación de que el acusado dió un puntapié puede quizás sos-
tenerse con la prueba de una bofetada cuando el daño es el resultado directo
del puntapié o golpe, pero no así cuando, como sucede en el presente caso,
el daño se produce, no directamente por el golpe, sino por una caída al suelo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonio Trujillo Güil.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

La denuncia presentada en este caso, que es uno de aco-
metimiento y agresión con circunstancias agravantes, impu-
taba substancialmente el hecho de que el acusado Andrés
Galarza, ilegal y voluntariamente acometió y agredió al niño
Ramón Alonzo, dándole con el pie en una pierna y causándole
con esto su fractura. La prueba revela que en el corral de
una escuela en Bayamón, uno de los niños de escuela que
había en un grupo tiró un chupón de china al acusado que era
otro muchacho de escuela que recientemente había ingresado
en la misma. Incomodado por este hecho el acusado, se di-
rigió al sitio donde estaba el grupo y dió una bofetada a uno

de ellos por lo que el niño con quien se realizó el acometimiento cayó al parecer contra una palma, se deslizó al suelo y rompió su pierna.

El error principal que ha sido alegado en esta apelación se refiere al desacuerdo en que está la denuncia con la prueba. Tanto el agresor como el muchacho acometido eran niños de escuela y el hecho específico constitutivo de agravante, es el haberse causado una herida grave al perjudicado.

Es un principio general de la ley criminal, que cuando se alega que un homicidio o acometimiento ha tenido lugar con un instrumento particular, deberá probarse el ataque según fué alegado. 21 Cyc. 873; 2 R. C. L., título "Acometimiento y agresión," párrafo 48; 10 Encyclopædia of Pleading & Practice, 128; *Commonwealth* v. *McAfee,* 108 Mass. 458; 11 A. R. 383; *Jones* v. *State,* 62 S. W. 758; *Wilson* v. *State,* 60 So. 983; *State of Louisiana* v. *Braxton, Jr.,* 47 La. Ann. 158. Si en cambio se describe un golpe causado con determinado instrumento, como con un arma de fuego o cuchillo, si se alega que fué con arma de fuego puede probarse un revólver y si se alegara un cuchillo, cualquier otro instrumento cortante parecido. *Elliot* v. *State,* 111 Pac. 820; *Shelton* v. *State,* 100 S. W. Rep. 955; *Gipe* v. *The State,* 165 Ind. 433, y casos arriba citados. O como dice la corte de Indiana en el caso de *Gipe* v. *The State, supra,* la prueba debe estar en armonía con la alegación en su parte substancial y carácter genérico.

Se ha resuelto uniformemente que existe desacuerdo al alegar un daño producido por un golpe y luego probar un daño que sobreviene de una caída como consecuencia del golpe. *Helmerking* v. *Commonwealth,* 37 S. W. Rep. 264; *Koser* v. *People,* 224 Ill. 206; *State* v. *Reed,* 55 S. W. Rep. 278; *State* v. *Jenkins,* 94 A. D. 135; *State* v. *Lowber,* 1 Houston Crim. Rep. 324. Tal vez si en algunos casos la alegación de un puntapié podría estar sostenida por la prueba de una bofetada, cuando el daño es el resultado directo del puntapié o del golpe, pero de conformidad con las autoridades éste no

podría ser el caso cuando el daño se produce no directamente por el golpe, sino por una caída al suelo.

El acusado tiene derecho a conocer la naturaleza del ataque de que se le acusa y esto es precisamente así en un caso de acometimiento al tratar de probar el Fiscal un hecho constitutivo de agravante. En el presente caso existió claramente desacuerdo entre la denuncia y la prueba. Siendo esto así, es innecesario considerar las otras cuestiones suscitadas en esta apelación. La sentencia debe ser revocada y absuelto el acusado.

*Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.