(89 South. 835)

## CORCORAN v. STATE.    (2 Div. 238.)

(Court of Appeals of Alabama.    June 21, 1921.)

**1. Assault and battery ☞80—The fist is not a "weapon" within meaning of indictment for assault and battery with a weapon.**

Where an indictment charges an assault and battery with a "weapon," the proof being that such assault and battery was committed by use of the fist only, such variance is fatal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Weapon.]

**2. Assault and battery ☞80 — Where indictment charges assault and battery with a weapon, evidence must show offense committed with a weapon.**

Where an indictment charges an assault and battery with a weapon, the evidence must show that the offense was so committed with a weapon.

**3. Criminal law ☞260(11)—Where judgment is against great weight of evidence, it will be reversed.**

Where trial is had in the lower court without jury, the judgment or findings of the lower court will not be disturbed unless the conclusion reached by the court is contrary to the weight of testimony, but where the judgment appealed from is plainly contrary to the weight of testimony, or there is no evidence to support it, under authority of Code 1907, § 5359, amended by Laws 1915, p. 824, it will be reversed.

Appeal from Circuit Court, Perry County; B. M. Miller, Judge.

Alfred S. Corcoran was convicted of assault and battery with a weapon, and he appealed. Reversed and rendered.

The facts upon which the opinion is rested, sufficiently appear therefrom, with the exception that at the conclusion of the state's evidence the defendant moved to exclude all the evidence because it did not sustain the charge.

Reese & Reese, of Selma, for appellant.

The judgment was contrary to the evidence, as the evidence clearly showed without dispute that no weapon was used.  35 Ala. 363; 73 Ala. 17; 50 Ala. 102.; 76 Ala. 35, 52 Am. Rep. 315; 153 Ala. 8, 45 South. 631; 159 Ala. 49, 48 South. 796; 7 Ala. App. 67, 60 South. 983.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.  [1] The indictment contained one count only, and charged the defendant with the offense of an assault and battery with a weapon. The case was tried

by the court without a jury, and the judgment entry recites—

"It is considered and adjudged by the court and it is the judgment of the court that the defendant, Alfred Corcoran, is guilty of an assault and battery with a weapon as charged in the indictment," etc.

On the trial of this case as shown by the record there was no testimony which showed, or tended to show, that the assault complained of was committed with a weapon of any character, nor was there any evidence from which this fact could be inferred. While the assault upon the party named was shown without dispute, the evidence conclusively shows without conflict that this assault was committed by the defendant using his fist only, and without employing the use of any weapon whatever.

[2] It thus appears that there was a variance, fatal in its effect, in the charge contained in the indictment and the uncontradicted evidence adduced upon this trial. This being true, the defendant was entitled to his discharge. Where an indictment charges an assault and battery with a weapon, the evidence, in order to sustain a conviction, must show that the offense was so committed with a weapon. The law is, however, that under a charge of simple assault and battery a conviction can be sustained even if the proof should develop that in the commission of the act a weapon was used. This question has been decided so many times it is not deemed necessary to further discuss it. Johnson v. State, 35 Ala. 363; Walker v. State, 73 Ala. 17; Crenshaw v. State, 153 Ala. 5, 45 South. 631; Huckabee v. State, 159 Ala. 45, 48 South. 796; Wilson v. State, 7 Ala. App. 66, 60 South. 983.

[3] The pertaining rule is to the effect that where the trial is had in the lower court without a jury, and the evidence is given ore tenus or partly so, the judgment or findings of the trial court will not be disturbed, unless the conclusion reached by the court so sitting is plainly contrary to the great weight of the testimony. But it is clearly evident, from what has been said, that this rule has no field of operation in this case, and cannot be applied to sustain the judgment rendered by the court below. The judgment appealed from is plainly contrary to the great weight of the testimony; in fact there is no evidence in this case to support it. It is therefore reversed, and under authority of the statute Code 1907, § 5359, as amended by Acts 1915, p. 824, a judgment in favor of the defendant, and, ordering him discharged from further custody, is here rendered; it being the judgment of this court that the court below should have so found and adjudged.

Reversed and rendered.