Appellant Larry Davis was found guilty of kidnapping in the second degree and assault in the second degree. He was sentenced as a habitual offender and received sentences of twenty-five years in the state penitentiary for each conviction, the sentences to run concurrently. There are three issues presented for review.
 I
Appellant contends that the state failed to prove a prima facie case of assault in the second degree.
On May 4, 1984, the alleged victim, Clarence Edward Smith, went to the Congo Club in Mobile. After he ordered a beer, he was approached by appellant Larry Davis and one Jacqueline Cunningham, who asked Smith to give them a ride to the Prichard area of Mobile County. Smith agreed that he would if they would furnish him money for gasoline. Smith drove them first to Orange Grove to pick up Cunningham's daughter and then to Prichard.
At their destination in Prichard they went inside a house, where Jacqueline Cunningham's brothers were playing cards in the living room. Smith told them that he was leaving and proceeded outside. When he got to his car, Jacqueline Cunningham was in his car and told him "You ain't going nowhere." At this time, her brothers came outside and started ransacking Smith's car and trunk.
Appellant Davis and another man seized Smith and pulled him into the car, and Cunningham drove them all to a wooded area. While they were driving, Cunningham began hitting Smith with the spike end of one of her spike-heeled shoes. Upon reaching the wooded area they dragged Smith out of the car, undressed him, beat him with a tree limb, kicked him, and hit him with their fists.
They then threw Smith in the trunk of the car and drove to a second location, where the beating was resumed. Smith was by this time only semi-conscious and was bleeding profusely from multiple wounds. A woman observed what was going on and began to scream. At this, Davis and Cunningham discontinued the beating and made their escape. The police arrived and an ambulance took Smith to the hospital, where he was treated.
Code of Alabama 1975, § 13A-6-21, states:
 "(a) A person commits the crime of assault in the second degree if:
 (1) With intent to cause serious physical injury to any person; or
 (2) With intent to cause physical injury to another person, he causes physical injury to any person by means of a deadly weapon or a dangerous instrument. . . ."
In determining whether a prima facie case of second degree assault was proved, the evidence must, of course, be considered in the light most favorable to the prosecution. Blackburn v.State, 448 So.2d 470 (Ala.Cr.App. 1984).
Appellant Davis, in addition to denying that he participated in the assault upon the person of Clarence Smith, also contends that the stick used was not a deadly weapon or a dangerous instrument.
 "An instrument or weapon used in inflicting injuries upon the person of another may or may not be esteemed deadly, according to the manner of its use and the subject on which it is used." Sharpe v. State, 340 So.2d 885 (Ala.Cr.App. 1976).
The state's evidence indicated that the appellant struck Smith several times with a tree limb, while others were hitting him with sticks and shoes. Alabama courts have held that a club or stick can be considered a deadly weapon. Harris v. State,398 So.2d 780 (Ala. 1981). Also, "[W]hile feet or shoes are not deadly weapons per se, the manner of their use in particular situations may make them deadly weapons." Helton v. State,372 So.2d 390 (Ala.Cr.App. 1979). We find that appellant's use of the stick or limb and manner of use of this stick in striking Smith to the extent that he required medical attention was sufficient to satisfy the "by means of *Page 1342 
a deadly weapon or a dangerous instrument" requirement of §13A-6-21, Ala. Code (1975). Harris, supra. The evidence here was sufficient to sustain the jury's finding that the tree limb was a deadly weapon or dangerous instrument, and to sustain its verdict of guilty of assault in the second degree.
 II
Appellant also contends that the state failed to prove the elements of kidnapping in the second degree. He also contends that the trial court erred in failing to charge the jury on the lesser included offense of unlawful imprisonment in the first degree.
Section 13A-6-44, Code of Alabama 1975, reads as follows:
"Kidnapping in the second degree.
 (a) A person commits the crime of kidnapping in the second degree if he abducts another person.
 (b) A person does not commit a crime under this section if:
 (1) The abduction is not coupled with intent to use or to threaten to use deadly force,
 (2) The actor is a relative of the person abducted, and
 (3) The actor's sole purpose is to assume lawful control of that person." (Emphasis added)
Moreover, "abduct" is defined as follows in § 13A-6-40, Code of Alabama 1975:
 "To restrain a person with intent to prevent his liberation by either:
 (a) Secreting or holding him in a place where he is not likely to be found, or
(b) Using or threatening to use deadly force."
Unlawful imprisonment in the first degree is defined as follows:
 "(a) A person commits the crime of unlawful imprisonment in the first degree if he restrains another person under circumstances which expose the latter to a risk of serious physical injury."
(Emphasis added.) Ala. Code (1975), § 13A-6-41.
From the record, it appears that appellant Davis forced Smith into his automobile and later into the trunk through the use of a deadly physical force — the multiple beatings. He transported him to a wooded area against his wishes. The court correctly submitted to the jury the question of whether the force used reached the level of deadly force as required by § 13A-6-40,supra.
Placing a human being in the trunk of a car to transport him aptly meets the first alternative of § 13A-6-40, "secreting or holding him in a place where he is not likely to be found." The jury justifiably found an abduction to have taken place. The elements of second degree kidnapping were proved by the state.
The events we have recited could hardly be considered mere restraint, as required for an unlawful imprisonment, but rather, if anything, constituted an abduction. Therefore, the court did not have a "rational basis" to instruct the jury on this lesser offense. Wyllie v. State, 445 So.2d 958 (Ala.Cr.App. 1984). "When the evidence clearly shows that the appellant is either guilty of the offense charged, or innocent, the charge on a lesser included offense is not necessary or proper." Perry v. State,455 So.2d 999 (Ala.Cr.App. 1984).
AFFIRMED.
All the Judges concur. *Page 1343