Phillip Lewis Cooper was indicted on two counts of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975. He was found guilty on both counts of the indictment. The trial court sentenced him to 20 years' imprisonment on *Page 921 
each charge, with the sentences to run concurrently. He was also ordered to pay restitution of $75 and to pay his attorney's fees. He appeals.
The first robbery occurred on February 2, 1989, at approximately 7:00 p.m. This appellant robbed Mike's Grocery in Decatur, Alabama. The cashier, Shelia Reavis, testified that the appellant came into the store with a stocking over his head and a broken bottle in his hand and asked her for money. Ms. Reavis placed a money bag on the counter. The appellant picked up the bag containing the money and left. Fifty dollars was taken in this robbery.
The second robbery occurred on February 3, 1989, around 2:00 p.m. This appellant walked into Mike's Grocery with a knife in his hand and ordered the cashiers to give him the money on hand. Ms. Reavis gave the appellant the money from the cash register. Twenty-five dollars was taken in this robbery.
The appellant was apprehended by two police officers and was taken to the city jail. After the appellant was taken to jail, Detective Sergeant John Boyd, Jr., of the Decatur Police Department, read the appellant his Miranda rights. The appellant agreed to talk to Sergeant Boyd. Initially, the appellant denied robbing Mike's Grocery, but later, in a statement, admitted taking money from Mike's Grocery.
The appellant contends that the trial court erred when it applied the enhancement provision of § 13A-5-6(a)(4), Code of Alabama 1975, in sentencing the appellant to a 20-year term on each conviction for robbery in the first degree. Specifically, the appellant argues that the trial court's application of the enhancement provision was improper because, he says, this allowed the State to use the element of a deadly weapon or dangerous instrument for a dual purpose: (i.e., to prove the robbery charge and also as grounds for enhancing the appellant's sentence).
The Alabama Supreme Court in Ex parte Yeung, 489 So.2d 1106
(Ala. 1986), addressed this contention and held:
 "Yeung next contends that, because use of a deadly weapon is a necessary element of the crime of first degree robbery, Code 1975, § 13A-8-41, the trial court erred in enhancing his sentence pursuant to Code 1975, § 13A-5-6(a)(4), which requires that anyone who commits, or attempts to commit, a Class A felony while using a firearm or deadly weapon be sentenced to at least 20 years' imprisonment. We disagree.
 "The evidence in the record reveals that Yeung was convicted of two counts of first degree robbery, and that he used a pistol to commit these crimes. The trial court sentenced Yeung to 20 years for each count, the minimum sentence required by § 13A-5-6(a)(4). Thus, the trial court properly sentenced Yeung within the range of punishment set by the legislature."
Yeung, at 1110.
The appellant in this cause was convicted of two counts of robbery in the first degree. He used a broken bottle in the first robbery and a knife in the second robbery to commit these crimes. The trial judge sentenced the appellant to 20 years' imprisonment on each charge, the minimum required by § 13A-5-6(a)(4), Code of Alabama 1975. Therefore, the trial court properly sentenced the appellant.
For the reasons shown, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.