JAMES H. FAULKNER, Retired Justice.
Alton McArthur Buchanan was indicted by a Jefferson County grand jury on a charge of assault in the second degree. The indictment charged that Buchanan did, with intent, cause physical injury to Claude R. Shew, by means of a deadly weapon or dangerous instrument, to-wit: a flashlight, in violation of § 13A-6-21, Code of Alabama 1975.
Buchanan pleaded not guilty to the charge. He was tried by a jury and was found guilty. The trial court sentenced him to 15 years in prison. We reverse.
On December 5', 1990, at about 8:45 p.m., Buchanan, along with his companion, Billy Joe Moncrief, was travelling in a van from Huntsville, Alabama, to Prattville, Alabama. In Gardendale, Buchanan pulled his van off the highway after experiencing some mechanical difficulty. He stopped at Gardendale Auto Service and parked the van near a dumpster. He exited the van to assess the difficulty.
When Buchanan parked his van, Claude Shew, who was working at Gardendale Auto Service, was closing up shop. He noticed that two men, later identified as Buchanan and Moncrief, were walking around an adjacent building. Buchanan and Moncrief were looking for a block of some kind to use in jacking up the van.
Shew became suspicious of the two people. He got into his pickup truck and left in search of a police officer. He found Officer Bradley and reported what he had seen. Bradley sped away in a patrol car in the direction of Gardendale Auto Service. Shew followed in his pickup, but could not keep up with the officer and arrived at the scene some time after Bradley got there.
When Officer Bradley arrived at the scene, he began to search the area. He did not find anything suspicious.
When Shew returned to Gardendale Auto Service, he saw Buchanan and Moncrief. He began to call for help from the officer. *460 In the meantime, Shew lifted a four-by-four piece of lumber, two feet in length, from the bed of his pickup truck. He continued to call for help. By the time the officer got to Shew, Shew and Buchanan were engaged in an altercation. Shew had been hit by a flashlight thrown at him by Buchanan.
Buchanan testified that he was under the van checking its brakes and that when he came out from under the van he saw Shew with the four-by-four piece of timber. He stated that he became frightened. He testified that Shew struck him on his arms and back with the four-by-four and that he threw the flashlight at Shew. It struck Shew on his arm, ricocheted upward, and landed on Shew’s right eye, causing it to bleed. Shew testified that he had impaired vision, and that he was unsure as to whether he struck Buchanan. He said that he swung at him, but did not know if he hit Buchanan.
Shew left the scene and went to Brook-wood Hospital in Homewood for medical attention. He was given medical attention by Dr. Eugene Moor, a plastic surgeon. After being released by Dr. Moor, Shew returned to the Gardendale police station. He said that he returned for the purpose of identifying Buchanan.
At the conclusion of the State’s case, Buchanan moved for a judgment of acquittal. The trial court denied the motion and charged the jury.
Buchanan argues on appeal that his motion should have been granted because, he contends, the plastic flashlight was not made a deadly weapon or dangerous instrument by the manner in which it was used in this particular case. We agree that the motion should have been granted.
Shew stated that Buchanan threw the flashlight; it struck him on his arm and bounced off and flew upward, striking his eye.
It is undisputed that Officer Bradley did not see the confrontation between Buchanan and Shew, even though he was in the immediate area. It is, however, disputed as to whether Shew struck Buchanan with the four-by-four. Shew says that he swung at Buchanan but that he does not know if he hit him. Buchanan said that Shew hit him. Moncrief also said that Shew hit Buchanan. Buchanan, in his testimony, stated that he fled the scene to get away from Shew.
This court has stated that an item may become a dangerous instrument or deadly weapon depending on the manner in which the item is used. Davis v. State, 470 So.2d 1340 (Ala.Cr.App.1985); Austin v. State, 555 So.2d 324 (Ala.Cr.App.1989). Words and Phrases, pp. 30-31, describes a dangerous weapon as any device or instrument, material or substance, whether animate or inanimate, which in the manner it is used or intended to be used is known to be capable of producing death or serious bodily injury. Thus, any material or substance, whether large or small could be designated as a dangerous weapon. For example, a man’s fist, a man’s boot used to kick a person to death, a stick or piece of timber, a pen knife, etc. Although these items are not per se dangerous weapons, the manner in which they are used could make them dangerous weapons. A Louisiana court in, State v. Bonier, 367 So.2d 824 (La.1979), authored by Justice Tate, held that the term “dangerous weapon” is not limited to those instrumentalities that are inherently dangerous, but includes any instrumentality that in the manner used is calculated or likely to produce death or great bodily harm.
In the manner in which the flashlight was used in this case, it was not a dangerous weapon. It was thrown. It was not used in so-called hand-to-hand combat and was not used in a beating in close contact with the victim.
We have the further issue as to whether Buchanan intended to cause Shew any injuries. Buchanan testified:
“Q Did you fix the problem?
“A Yes, sir. I did.
“Q Now, what, if anything, happened next?
“A Okay. When I got out from under the van, I had a flashlight in my hand. The minute I raised up, I didn’t — all I seen was just a stick about this long *461 (indicating) coming at me. And when I ducked like that (indicating), I got hit on both arms. I don’t know how many times he hit me, but I’d have had, you know, broke places on my arms. And I said, well, I’m going to have to run and get away from the fellow and see what’s happening. And when I breaked to run, he hit me in the back there with a stick, and I almost fell. And that’s why I hit the man with a flashlight, because I had to hit him to get him off of me.
“Q Okay.
“A Because he was beating me.
“Q Did you hit him before he hit you? “A No, I did not.
“Q Did he hit you first?
“A Yes, sir.
“Q On more than one occasion?
“A Several times.
“Q Okay. After you hit him with a flashlight, what did you do?
“A I run immediately — well, it’s like a diagonal across the street — up to some store there to call for help.”
It does not appear that Buchanan was the aggressor in this case. It appears that Buchanan was trying to escape a beating with a four-by-four being wielded by Shew. The requisite intent is lacking.
After reviewing the evidence in the light most favorable to the State, we opine that the evidence was insufficient to convict Buchanan of assault, second degree, under the statute. Buchanan’s motion for acquittal should have been granted. His conviction and sentence are hereby set aside and a judgment is ordered in his favor.
The foregoing opinion was prepared by JAMES H. FAULKNER, a Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur, except BOWEN, J., concurs in result only.