873 So.2d 1171 (2003)
Antwan Demetrius HARRIS
v.
STATE of Alabama.
CR-01-2585.
Court of Criminal Appeals of Alabama.
August 29, 2003.
James M. Sims, Anniston, for appellant.
William H. Pryor, Jr., atty. gen., and Kristi L. Deason Hagood, asst. atty. gen., for appellee.
BASCHAB, Judge.[1]
The appellant, Antwan Demetrius Harris, pled guilty to second-degree assault, a violation of § 13A-6-21(a)(2), Ala.Code 1975, and throwing a deadly or dangerous missile into an occupied vehicle, a violation of § 32-5-11, Ala.Code 1975. Applying the deadly weapon enhancement set forth in § 13A-5-6(a)(5), Ala.Code 1975, the trial court sentenced him to serve concurrent terms of ten years in prison on each conviction. The appellant did not file any postjudgment motions. This appeal followed.
The evidence in the record established that the appellant threw a piece of a cinder block or concrete block through the passenger window of the vehicle Lora Chatmon was occupying. The trial court described the object the appellant threw as "a jagged piece of concrete block, at least four or five inches high on one side, and maybe two inches or more on the other side, about an inch and half thick. And has very sharp edges." (R. 26.) Chatmon, who was sitting in the driver's seat, *1172 was struck in the right temple and sustained "a large gash on the side of her head." (R. 20.)
The appellant argues that the trial court improperly applied the enhancement set forth in § 13A-5-6(a)(5), Ala.Code 1975, to his sentences.[2] Section 13A-5-6(a)(5), Ala.Code 1975, requires that, "[f]or a Class B or C felony in which a ... deadly weapon was used or attempted to be used in the commission of the felony," the sentence shall be "not less than 10 years." The appellant specifically contends that the piece of a concrete block he threw did not constitute a deadly weapon, as defined in § 13A-1-2(7), Ala.Code 1975. Section 13A-1-2(7), Ala.Code 1975, defines a "deadly weapon" as
"[a] firearm or anything manifestly designed, made, or adapted for the purposes of inflicting death or serious physical injury. The term includes, but is not limited to, a pistol, rifle, or shotgun; or a switch-blade knife, gravity knife, stiletto, sword, or dagger; or any billy, black-jack, bludgeon, or metal knuckles."
(Emphasis added.) The Commentary to § 13A-1-2, Ala.Code 1975, provides, in pertinent part:
"Many objects are not deadly per se and ordinarily have lawful functions and uses, but ... such object may constitute a `dangerous instrument' because it was used, or attempted to be used, in a manner rendering it `readily capable of causing death or serious physical injury.' (A stick, rock, pencil or pen is capable of producing great harm or even death if jammed in a person's eye, ear or throat.) This definition essentially states previously existing law. The mere showing of the use of a fist does not make out use of a weapon. Corcoran v. State, 18 Ala.App. 202, 89 So. 835 (1921). Normally a shoe does not constitute a deadly weapon under former section 13-1-43, but it could under given circumstances. Cozart v. State, 42 Ala.App. 535, 171 So.2d 77, cert. denied, 277 Ala. 698, 171 So.2d 84 [(1965)]. An instrument or weapon used in inflicting injury may or may not be esteemed deadly, according to the manner of its use, and the subject on which it is used. Sylvester v. State, 72 Ala. 201 (1882). In other words, a deadly weapon is not only a weapon with which death may be easily and readily produced, but one which is likely to produce death or great bodily harm from the manner in which it is used. Williams v. State, 251 Ala. 397, 39 So.2d 37 (1948)."
(Emphasis added.)
In Ex parte Cobb, 703 So.2d 871, 876 (Ala.1996), the Alabama Supreme Court stated: "[W]e conclude that the legislature intended to include as deadly weapons only things that are similar to the listed weapons." However, the court went on to state: "Only objects that are `designed, made or adapted for the purposes of inflicting death or serious physical injury' fit the definition of `deadly weapon.'" Id. See also Buchanan v. State, 602 So.2d 459, 460 (Ala.Crim.App.1992) ("This court has stated that an item may become a ... deadly weapon depending on the manner in which the item is used. Davis v. State, 470 So.2d 1340 (Ala.Cr.App.1985); Austin v. State, 555 So.2d 324 (Ala.Cr.App.1989)."). In fact, this court has repeatedly held that items that are not specifically listed in § 13A-1-2(7), Ala.Code 1975, constituted deadly weapons based on the manner in *1173 which they were used. See Harris v. State, 705 So.2d 542 (Ala.Crim.App.1997) (holding that a 16-ounce glass soft drink bottle was a deadly weapon as used in the case); Garrison v. State, 521 So.2d 997 (Ala.Crim.App.1986) (holding that a board constituted a deadly weapon under the circumstances of the case); Jones v. State, 523 So.2d 518 (Ala.Crim.App.1987) (holding that a tire tool constituted a deadly weapon based on the manner in which it was used); Hill v. State, 516 So.2d 876 (Ala.Crim.App.1987) (holding that a baseball bat constituted a deadly weapon); Goolsby v. State, 492 So.2d 635 (Ala.Crim. App.1986) (holding that a hammer, as used by the appellant in that case, constituted a deadly weapon). But see Ex parte Cobb, 703 So.2d 871 (Ala.1996) (holding that fists or other body parts cannot constitute deadly weapons); Buchanan, supra (holding that thrown plastic flashlight did not constitute a deadly weapon).
When it found that the piece of a concrete block constituted a deadly weapon, the trial court stated:
"The Court has considered the defendant's motion objecting to enhancement of the defendant's sentence under Section 13A-5-6(a)(5), by contending that the concrete block or portion of concrete block in this case does not constitute a deadly weapon as defined under Section 13A-1-2(7) of the Code of Alabama.
"The definition which we have, as everyone has conceded, is not a self-limiting or completely contained definition. It states, again, that a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or inflicting serious physical injury would constitute a deadly weapon. And it gives several other examples.
"The Court has the object before it. The Court notes that there's been no exception to the stated testimony that the defendant threw this object toward the victim from some fairly short distance standing outside of the automobile in which she was still in the driver's position; that the object was thrown with such degree of force as to break the passenger side glass, pass through into the automobile, and strike the victim who was seated in the driver's position in the car, near the temple area on the right side of her head.
"As I look at this definition, I find that this concrete block object was adapted for the purpose in this particular situation of imposing serious physical injury.
"But for the grace of God, any slight movement where this object struck the victim, we may well have had serious physical injury to the victim's brain, eyes, ears. And as such I do find that in this instance under the circumstances in which it was used that the cement jagged cement concrete block constitutes a deadly weapon."
(R. 29-30.)
In Harris, 705 So.2d at 548, we noted:
"To assist us in determining whether a glass soft drink bottle may be classified as a `deadly weapon' for purposes of applying § 13A-5-6(a)(4), we look to the Alabama Supreme Court, which recently stated in Ex parte Cobb, 703 So.2d 871, 875 (Ala.1996), that `the legislature intended to include as deadly weapons only things that are similar to the listed weapons. Only [inanimate] objects that are "designed, made or adapted for the purposes of inflicting death or serious physical injury" fit the definition of "deadly weapon."' The issue in Cobb was whether a person's fists could be considered a deadly weapon.
"Although a glass bottle is not specifically included in the list of weapons defined as `deadly weapons,' a bottle may be `adapted for the purposes of inflicting *1174 death or serious physical injury,' and may therefore be a `deadly weapon.' In Cooper v. State, 584 So.2d 920, 921 (Ala. Cr.App.1991), we affirmed a sentence for first degree robbery enhanced pursuant to § 13A-5-6(a)(4), where the appellant used a broken bottle as a dangerous weapon. See also Christian v. State, 351 So.2d 616 (Ala.Cr.App.1976), rev'd on other grounds, 351 So.2d 623 (Ala. 1977). Clearly, a bottle may be adapted and used as a deadly weapon.
"The record indicates that the appellant used the glass soft drink bottle to strike the victim on the head and in a manner unrelated to its innocent and useful purpose. The bottle was full of liquid and therefore had some weight, and was obviously hard. The bottle was capable of causing serious injury either broken or unbroken. As a result of the blow, the victim suffered a cut, bled profusely, and required an undetermined number of stitches. Although the appellant was fortunate that the force of his blow to the victim's head did not cause death or permanent serious physical injury, the possibility of death or serious physical injury was present, given the size and weight of the bottle, the location of the blow, and the other circumstances that were proven. The manner in which the appellant used the bottle was sufficiently similar to the manner in which one would use a billy club or bludgeon to qualify as a deadly weapon for purposes of the application of § 13A-5-6(a)(4). The trial court correctly determined that the glass soft drink bottle was a deadly weapon."
The appellant argues that the definition of deadly weapon is limited to weapons that are similar to those listed in § 13A-1-2(7), Ala.Code 1975, and that are used "to make direct contact while being held in the perpetrator's hand and making contact with the body of the victim." (Appellant's brief at p. 9.) He also appears to contend that a thrown object cannot constitute a deadly weapon. However, such a reading of § 13A-1-2(7), Ala.Code 1975, is too limited and would thwart the purpose of the statute.
We hold that a proper determination of whether an object constitutes a deadly weapon should be made based on the totality of the circumstances of the case, including the nature of the object, the manner in which it is used, and the circumstances surrounding its use. Under the circumstances of this case, we conclude that the piece of a concrete block the appellant threw into Chatmon's vehicle was "adapted for the purposes of inflicting death or serious physical injury." § 13A-1-2(7), Ala.Code 1975. Therefore, it constituted a deadly weapon, and the trial court properly applied the enhancement set forth in § 13A-5-6(a)(5), Ala.Code 1975, to the appellant's sentences. Accordingly, we affirm the trial court's judgment.
AFFIRMED.
SHAW and WISE, JJ., concur.
McMILLAN, P.J., dissents.
COBB, J., dissents, with opinion.
COBB, JUDGE, dissenting.
The majority in this case affirms Antwan Demetrius Harris's sentences for throwing a dangerous missile into an occupied vehicle and for second-degree assault, violations of §§ 32-5-11 and 13A-6-21(a)(2), Ala.Code 1975, respectively, finding that the piece of a concrete block Harris threw into Lora Chatmon's vehicle was a deadly weapon, and, therefore, that his sentence for each conviction was properly enhanced under § 13A-5-6(a)(5), Ala. Code 1975. Harris claims that his sentence *1175 was improperly enhanced under § 13A-5-6(a)(5), Ala.Code 1975, because, he argues, the concrete rock he used to shatter the car window and injure Lora Chatmon was not a "deadly weapon" as that term is defined by the relevant statute. I agree with Harris. Therefore, I dissent.
In Ex parte Cobb, 703 So.2d 871 (Ala. 1996), the Alabama Supreme Court stated:
"The definition states that a deadly weapon is a `firearm or anything manifestly designed, made or adapted for the purposes of inflicting death or serious physical injury.' [The statute, § 13A-1-2(7), Ala.Code 1975,] then lists 12 specific objects that are `designed as weapons and are easily and readily susceptible of producing death or serious injury.' Commentary, Ala.Code 1975, § 13A-1-2(11).[[3]] Included in that list are various types of firearms, knives, and objects designed to deliver blunt force trauma. Applying the rule of ejusdem generis to § 13A-1-2(11), we conclude that the legislature intended to include as deadly weapons only things that are similar to the listed weapons. Only objects that are `designed, made or adapted for the purposes of inflicting death or serious physical injury' fit the definition of `deadly weapon.'"
703 So.2d at 875-76.
The majority supports its holding by noting that the Alabama Supreme Court, in Cobb, after stating that "the legislature intended to include as deadly weapons only things that are similar to the listed weapons," Id. at 876 also stated that any object designed, made or adapted for purposes of inflicting death or serious physical injury is a deadly weapon. The majority also states that "this court has repeatedly held that certain items not specifically listed in § 13A-1-2(7), Ala.Code 1975, constituted deadly weapons based on the manner in which they were used." 873 So.2d at 1172-73. While this Court has held that many items not specifically listed in § 13A-1-2(7), Ala.Code 1975, constitute deadly weapons, existing caselaw indicates that only items similar to the listed weapons and items used in a manner similar to the weapons listed in the definition can be considered to be deadly weapons. In Jones v. State, 523 So.2d 518 (Ala.Crim. App.1987), this Court held that a tire tool used to strike the victim in the head was a deadly weapon. This Court has also held that a baseball bat, when used to strike the victim, was a deadly weapon. See Hill v. State, 516 So.2d 876 (Ala.Crim.App.1987). In Harris v. State, 705 So.2d 542, 548 (Ala.Crim.App.1997), this Court held that a glass bottle may be a deadly weapon because "[t]he manner in which the appellant used the bottle was sufficiently similar to the manner in which one would use a billy club or bludgeon to qualify as a deadly weapon." Thus, when an object, other than a knife of gun, is used in a manner similar to a manner in which one uses a billy club or bludgeon, we have held that the object was a deadly weapon.
In only a few cases has this Court been presented with a question whether a thrown object constitutes a deadly weapon. In Buchanan v. State, 602 So.2d 459, 460 (Ala.Crim.App.1992), this Court held that a flashlight thrown by the defendant was not a "dangerous weapon" within the second-degree assault statute because it was not used in "so-called hand-to-hand combat and was not used in a beating in close contact with the victim." Therefore, it *1176 appears that when an object was not used in a manner similar to the weapons listed in the definition, this Court has concluded that the object was not a deadly weapon.
While a rock may be used to bludgeon someone, the rock was not used in such a manner in this case. Harris threw the rock at the windshield of an automobile. Harris used the rock in a manner similar to the way the flashlight was used in Buchanan. Thus, it is my opinion that the rock, as it was used in this case, did not constitute a deadly weapon and that the trial court erred when it applied the § 13A-5-6(a)(5), Ala.Code 1975, sentence enhancement to both convictions.[4]
Therefore, I dissent from the majority's decision to affirm Harris's sentences.
NOTES
[1] This case was originally assigned to another Judge on this court. It was reassigned to Judge Baschab on June 12, 2003.
[2] Before he entered his guilty pleas, the appellant reserved the right to raise this argument on appeal.
[3] Section 13A-1-2 was amended effective September 26, 2001. The definition of "deadly weapon" is now found in subsection (7).
[4] In a case presenting other facts, such as a rock of this size being thrown at a moving vehicle from a highway overpass, further analysis would be required, and I would perhaps reach a different result. However, those facts are not before us today.