The appellant, Antwan Demetrius Harris, pled guilty to second-degree assault, a violation of § 13A-6-21(a)(2), Ala. Code 1975, and throwing a deadly or dangerous missile into an occupied vehicle, a violation of § 32-5-11, Ala. Code 1975. Applying the deadly weapon enhancement set forth in § 13A-5-6(a)(5), Ala. Code 1975, the trial court sentenced him to serve concurrent terms of ten years in prison on each conviction. The appellant did not file any post-judgment motions. This appeal followed.
The evidence in the record established that the appellant threw a piece of a cinder block or concrete block through the passenger window of the vehicle Lora Chatmon was occupying. The trial court described the object the appellant threw as "a jagged piece of concrete block, at least four or five inches high on one side, and maybe two inches or more on the other side, about an inch and half thick. And has very sharp edges." (R. 26.) Chatmon, who was sitting in the driver's seat, *Page 1172 
was struck in the right temple and sustained "a large gash on the side of her head." (R. 20.)
The appellant argues that the trial court improperly applied the enhancement set forth in § 13A-5-6(a)(5), Ala. Code 1975, to his sentences.[2] Section 13A-5-6(a)(5), Ala. Code 1975, requires that, "[f]or a Class B or C felony in which a . . . deadly weapon was used or attempted to be used in the commission of the felony," the sentence shall be "not less than 10 years." The appellant specifically contends that the piece of a concrete block he threw did not constitute a deadly weapon, as defined in § 13A-1-2(7), Ala. Code 1975. Section 13A-1-2(7), Ala. Code 1975, defines a "deadly weapon" as
 "[a] firearm or anything manifestly designed, made, or adapted for the purposes of inflicting death or serious physical injury. The term includes, but is not limited to, a pistol, rifle, or shotgun; or a switch-blade knife, gravity knife, stiletto, sword, or dagger; or any billy, black-jack, bludgeon, or metal knuckles."
(Emphasis added.) The Commentary to § 13A-1-2, Ala. Code 1975, provides, in pertinent part:
 "Many objects are not deadly per se and ordinarily have lawful functions and uses, but . . . such object may constitute a `dangerous instrument' because it was used, or attempted to be used, in a manner rendering it `readily capable of causing death or serious physical injury.' (A stick, rock, pencil or pen is capable of producing great harm or even death if jammed in a person's eye, ear or throat.) This definition essentially states previously existing law. The mere showing of the use of a fist does not make out use of a weapon. Corcoran v. State, 18 Ala. App. 202, 89 So. 835 (1921). Normally a shoe does not constitute a deadly weapon under former section 13-1-43, but it could under given circumstances. Cozart v. State, 42 Ala. App. 535, 171 So.2d 77, cert. denied, 277 Ala. 698, 171 So.2d 84
[(1965)]. An instrument or weapon used in inflicting injury may or may not be esteemed deadly, according to the manner of its use, and the subject on which it is used. Sylvester v. State, 72 Ala. 201 (1882). In other words, a deadly weapon is not only a weapon with which death may be easily and readily produced, but one which is likely to produce death or great bodily harm from the manner in which it is used. Williams v. State, 251 Ala. 397, 39 So.2d 37 (1948)."
(Emphasis added.)
In Ex parte Cobb, 703 So.2d 871, 876 (Ala. 1996), the Alabama Supreme Court stated: "[W]e conclude that the legislature intended to include as deadly weapons only things that are similar to the listed weapons." However, the court went on to state: "Only objects that are `designed, made or adapted for the purposes of inflicting death or serious physical injury' fit the definition of `deadly weapon.'" Id. See also Buchanan v.State, 602 So.2d 459, 460 (Ala.Crim.App. 1992) ("This court has stated that an item may become a . . . deadly weapon depending on the manner in which the item is used. Davis v. State, 470 So.2d 1340 (Ala.Cr.App. 1985); Austin v. State, 555 So.2d 324 (Ala.Cr.App. 1989)."). In fact, this court has repeatedly held that items that are not specifically listed in § 13A-1-2(7), Ala. Code 1975, constituted deadly weapons based on the manner in *Page 1173 
which they were used. See Harris v. State,705 So.2d 542 (Ala.Crim.App. 1997) (holding that a 16-ounce glass soft drink bottle was a deadly weapon as used in the case); Garrison v.State, 521 So.2d 997 (Ala.Crim.App. 1986) (holding that a board constituted a deadly weapon under the circumstances of the case); Jonesv. State, 523 So.2d 518 (Ala.Crim.App. 1987) (holding that a tire tool constituted a deadly weapon based on the manner in which it was used);Hill v. State, 516 So.2d 876 (Ala.Crim.App. 1987) (holding that a baseball bat constituted a deadly weapon); Goolsby v. State, 492 So.2d 635
(Ala.Crim.App. 1986) (holding that a hammer, as used by the appellant in that case, constituted a deadly weapon). But see Ex parte Cobb,703 So.2d 871 (Ala. 1996) (holding that fists or other body parts cannot constitute deadly weapons); Buchanan, supra (holding that thrown plastic flashlight did not constitute a deadly weapon).
When it found that the piece of a concrete block constituted a deadly weapon, the trial court stated:
 "The Court has considered the defendant's motion objecting to enhancement of the defendant's sentence under Section 13A-5-6(a)(5), by contending that the concrete block or portion of concrete block in this case does not constitute a deadly weapon as defined under Section 13A-1-2(11) of the Code of Alabama.
 "The definition which we have, as everyone has conceded, is not a self-limiting or completely contained definition. It states, again, that a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or inflicting serious physical injury would constitute a deadly weapon. And it gives several other examples.
 "The Court has the object before it. The Court notes that there's been no exception to the stated testimony that the defendant threw this object toward the victim from some fairly short distance standing outside of the automobile in which she was still in the driver's position; that the object was thrown with such degree of force as to break the passenger side glass, pass through into the automobile, and strike the victim who was seated in the driver's position in the car, near the temple area on the right side of her head.
 "As I look at this definition, I find that this concrete block object was adapted for the purpose in this particular situation of imposing serious physical injury.
 "But for the grace of God, any slight movement where this object struck the victim, we may well have had serious physical injury to the victim's brain, eyes, ears. And as such I do find that in this instance under the circumstances in which it was used that the cement — jagged cement concrete block constitutes a deadly weapon."
(R. 29-30.)
In Harris, 705 So.2d at 548, we noted:
 "To assist us in determining whether a glass soft drink bottle may be classified as a `deadly weapon' for purposes of applying § 13A-5-6(a)(4), we look to the Alabama Supreme Court, which recently stated in Ex parte Cobb, 703 So.2d 871, 875 (Ala. 1996), that `the legislature intended to include as deadly weapons only things that are similar to the listed weapons. Only [inanimate] objects that are "designed, made or adapted for the purposes of inflicting death or serious physical injury" fit the definition of "deadly weapon."' The issue in Cobb was whether a person's fists could be considered a deadly weapon.
 "Although a glass bottle is not specifically included in the list of weapons defined as `deadly weapons,' a bottle may be `adapted for the purposes of inflicting *Page 1174 
death or serious physical injury,' and may therefore be a `deadly weapon.' In Cooper v. State, 584 So.2d 920, 921 (Ala.Cr.App. 1991), we affirmed a sentence for first degree robbery enhanced pursuant to § 13A-5-6(a)(4), where the appellant used a broken bottle as a dangerous weapon. See also Christian v. State, 351 So.2d 616 (Ala.Cr.App. 1976), rev'd on other grounds, 351 So.2d 623 (Ala. 1977). Clearly, a bottle may be adapted and used as a deadly weapon.
 "The record indicates that the appellant used the glass soft drink bottle to strike the victim on the head and in a manner unrelated to its innocent and useful purpose. The bottle was full of liquid and therefore had some weight, and was obviously hard. The bottle was capable of causing serious injury either broken or unbroken. As a result of the blow, the victim suffered a cut, bled profusely, and required an undetermined number of stitches. Although the appellant was fortunate that the force of his blow to the victim's head did not cause death or permanent serious physical injury, the possibility of death or serious physical injury was present, given the size and weight of the bottle, the location of the blow, and the other circumstances that were proven. The manner in which the appellant used the bottle was sufficiently similar to the manner in which one would use a billy club or bludgeon to qualify as a deadly weapon for purposes of the application of § 13A-5-6(a)(4). The trial court correctly determined that the glass soft drink bottle was a deadly weapon."
The appellant argues that the definition of deadly weapon is limited to weapons that are similar to those listed in § 13A-1-2(7), Ala. Code 1975, and that are used "to make direct contact while being held in the perpetrator's hand and making contact with the body of the victim." (Appellant's brief at p. 9.) He also appears to contend that a thrown object cannot constitute a deadly weapon. However, such a reading of § 13A-1-2(7), Ala. Code 1975, is too limited and would thwart the purpose of the statute.
We hold that a proper determination of whether an object constitutes a deadly weapon should be made based on the totality of the circumstances of the case, including the nature of the object, the manner in which it is used, and the circumstances surrounding its use. Under the circumstances of this case, we conclude that the piece of a concrete block the appellant threw into Chatmon's vehicle was "adapted for the purposes of inflicting death or serious physical injury." § 13A-1-2(7), Ala. Code 1975. Therefore, it constituted a deadly weapon, and the trial court properly applied the enhancement set forth in § 13A-5-6(a)(5), Ala. Code 1975, to the appellant's sentences. Accordingly, we affirm the trial court's judgment.
AFFIRMED.
SHAW and WISE, JJ., concur; McMILLAN, P.J., dissents; COBB, J., dissents, with opinion.
[2] Before he entered his guilty pleas, the appellant reserved the right to raise this argument on appeal.