The majority in this case affirms Antwan Demetrius Harris's sentences for throwing a dangerous missile into an occupied vehicle and for second-degree assault, violations of §§ 32-5-11 and 13A-6-21(a)(2), Ala. Code 1975, respectively, finding that the piece of a concrete block Harris threw into Lora Chatmon's vehicle was a deadly weapon, and, therefore, that his sentence for each conviction was properly enhanced under § 13A-5-6(a)(5), Ala. Code 1975. Harris claims that his *Page 1175 
sentence was improperly enhanced under § 13A-5-6(a)(5), Ala. Code 1975, because, he argues, the concrete rock he used to shatter the car window and injure Lora Chatmon was not a "deadly weapon" as that term is defined by the relevant statute. I agree with Harris. Therefore, I dissent.
In Ex parte Cobb, 703 So.2d 871 (Ala. 1996), the Alabama Supreme Court stated:
 "The definition states that a deadly weapon is a `firearm or anything manifestly designed, made or adapted for the purposes of inflicting death or serious physical injury.' [The statute, § 13A-1-2(7), Ala. Code 1975,] then lists 12 specific objects that are `designed as weapons and are easily and readily susceptible of producing death or serious injury.' Commentary, Ala. Code 1975, § 13A-1-2(11).[3] Included in that list are various types of firearms, knives, and objects designed to deliver blunt force trauma. Applying the rule of ejusdem generis to § 13A-1-2(11), we conclude that the legislature intended to include as deadly weapons only things that are similar to the listed weapons. Only objects that are `designed, made or adapted for the purposes of inflicting death or serious physical injury' fit the definition of `deadly weapon.'"
703 So.2d at 875-76.
The majority supports its holding by noting that the Alabama Supreme Court, in Cobb, after stating that "the legislature intended to include as deadly weapons only things that are similar to the listed weapons,"Id. At 876 also stated that any object designed, made or adapted for purposes of inflicting death or serious physical injury is a deadly weapon. The majority also states that "this court has repeatedly held that certain items not specifically listed in § 13A-1-2(7), Ala. Code 1975, constituted deadly weapons based on the manner in which they were used." 873 So.2d at 1172-73. While this Court has held that many items not specifically listed in § 13A-1-2(7), Ala. Code 1975, constitute deadly weapons, existing caselaw indicates that only items similar to the listed weapons and items used in a manner similar to the weapons listed in the definition can be considered to be deadly weapons. In Jones v. State,523 So.2d 518 (Ala.Crim.App. 1987), this Court held that a tire tool used to strike the victim in the head was a deadly weapon. This Court has also held that a baseball bat, when used to strike the victim, was a deadly weapon. See Hill v. State, 516 So.2d 876 (Ala.Crim.App. 1987). In Harrisv. State, 705 So.2d 542, 548 (Ala.Crim.App. 1997), this Court held that a glass bottle may be a deadly weapon because "[t]he manner in which the appellant used the bottle was sufficiently similar to the manner in which one would use a billy club or bludgeon to qualify as a deadly weapon." Thus, when an object, other than a knife of gun, is used in a manner similar to a manner in which one uses a billy club or bludgeon, we have held that the object was a deadly weapon.
In only a few cases has this Court been presented with a question whether a thrown object constitutes a deadly weapon. In Buchanan v.State, 602 So.2d 459, 460 (Ala.Crim.App. 1992), this Court held that a flashlight thrown by the defendant was not a "dangerous weapon" within the second-degree assault statute because it was not used in "so-called hand-to-hand combat and was not used in a beating in close contact with the victim." Therefore, it *Page 1176 
appears that when an object was not used in a manner similar to the weapons listed in the definition, this Court has concluded that the object was not a deadly weapon.
While a rock may be used to bludgeon someone, the rock was not used in such a manner in this case. Harris threw the rock at the windshield of an automobile. Harris used the rock in a manner similar to the way the flashlight was used in Buchanan. Thus, it is my opinion that the rock, as it was used in this case, did not constitute a deadly weapon and that the trial court erred when it applied the § 13A-5-6(a)(5), Ala. Code 1975, sentence enhancement to both convictions.[4]
Therefore, I dissent from the majority's decision to affirm Harris's sentences.
[3] Section 13A-1-2 was amended effective September 26, 2001. The definition of "deadly weapon" is now found in subsection (7).
[4] In a case presenting other facts, such as a rock of this size being thrown at a moving vehicle from a highway overpass, further analysis would be required, and I would perhaps reach a different result. However, those facts are not before us today.