928 So.2d 1267 (2006)
Ismail Malik SHABAZZ a/k/a Warner McCullough, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1089.
District Court of Appeal of Florida, Fourth District.
May 24, 2006.
*1268 R. Wayne Richter of Perlet & Shiner, P.A., West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
BAILEY, JENNIFER D., Associate Judge.
Ismail Malik Shabazz appeals his conviction for second degree murder.
The facts reveal two widely different stories in the case. The state's witnesses testified at trial that Shabazz and an accomplice attempted to rob the victim and shot at him, critically injuring him. The state conceded that the victim returned fire. Additional evidence suggested drug sales were involved. Shabazz was identified by a computer book he dropped at the scene. An arrest warrant was issued and he was taken into custody in central Florida.
The victim's wife originally told investigators that her husband shot first. At trial, she testified that Shabazz shot first.
Shabazz testified as the last witness in the case. In contrast to the state's evidence, he testified that he went to the victim's house to buy cocaine. The victim started shooting at him. He shot back in self-defense and fled.
Clearly, the testimony framed classic conflicting versions of events that a jury would have to reconcile. The physical evidence was inconclusive as to who shot first.
During the cross-examination of Shabazz, the prosecutor, in his zeal to imply that Shabazz's story was recently fabricated, asked: "This is the first time you've told your version of the events, right here to this jury, you've never told it to anybody else before, have you?" Defense counsel objected and moved for a mistrial based on the prosecutor's impermissible comment on Shabazz's right to *1269 remain silent. The trial court overruled the objection, denied the mistrial, and cross-examination proceeded. The prosecutor's question was fairly susceptible of being interpreted by the jury as a comment on Shabazz's right to remain silent and therefore was improper. See State v. Hoggins, 718 So.2d 761 (Fla.1998); Robbins v. State, 891 So.2d 1102 (Fla. 5th DCA 2004). The evidence against Shabazz was not conclusive. In this close case of conflicting stories where the jury had to decide whom to believe, there is a reasonable possibility that the error affected the verdict.
The state suggests that Shabazz waived the error by rejecting a curative instruction offered by the trial court significantly later in the trial. We find the error was not waived, in that the delay diminished the sufficiency of a curative instruction and at that point would have only highlighted the error. See Taylor v. State, 640 So.2d 1127 (Fla. 1st DCA 1994).
We therefore reverse and remand for a new trial.
Reversed and Remanded For New Trial.
WARNER and KLEIN, JJ., concur.