PER CURIAM.
 

 Appellant, Stanley West, appeals his conviction and sentence for possession of a firearm by a convicted felon. We find no error with the trial court’s denial of Appellant’s requested jury instruction on the defense of necessity. We do, however, agree with Appellant that the trial court erred in allowing testimony that was fairly susceptible of being interpreted as a comment on his right to remain silent. We, therefore, reverse and remand for a new trial.
 

 Appellant, a convicted felon, testified during his trial that he temporarily possessed a firearm that his mother left at his home in order to dispose of it. According to Appellant, he exited his home with the firearm in order to give it to his father-in-law who lived nearby. Appellant’s father-in-law testified that he agreed to take the firearm after receiving a telephone call from Appellant.
 

 A deputy who was dispatched to Appellant’s home as a result of a neighbor’s call regarding a verbal disturbance between Appellant and his wife, testified that he met Appellant as Appellant was exiting his home and that he secured the firearm that had been in Appellant’s pocket. In response to the prosecutor’s question of whether Appellant ever told him what he was doing with the firearm, the deputy replied, “No, sir.” The trial court overruled defense counsel’s objection that the testimony was an improper reference on Appellant’s right to remain silent. The prosecutor then asked the deputy whether Appellant, before he was taken into custody, said that he was disposing of the firearm. The deputy again answered, “No, sir.” The trial court overruled defense counsel’s objection to this testimony as well. The court, at Appellant’s request, instructed the jury that it is a defense to the crime of possession of a firearm by a convicted felon if the defendant took temporary control over the firearm for the purpose of disposal. The jury found Appellant guilty as charged. This appeal followed.
 

 In support of the trial court’s rulings, the State focuses on the prosecutor’s second question and argues that because the question and the deputy’s response pertained to Appellant’s pre-arrest silence, the silence could be used to im
 
 *1077
 
 peach Appellant’s inconsistent trial testimony.
 
 See State v. Hoggins,
 
 718 So.2d 761, 770 (Fla.1998) (“Florida courts have found, consistent with the United States Supreme Court ... that prearrest, pre-Miranda silence can be used to impeach a defendant”). However, regardless of the fact that that question pertained to Appellant’s pre-arrest silence, the prosecutor’s first question was broad enough to encompass both pre-arrest and post-arrest silence and was, thus, improper.
 
 See id.
 
 (holding that the use of a defendant’s post-arrest silence, which includes silence at the time of arrest, is improper). Because the deputy’s response to that question was fairly susceptible of being interpreted as a comment on Appellant’s right to remain silent, the trial court erred in overruling defense counsel’s objection.
 
 See Mack v. State,
 
 58 So.3d 854, 356 (Fla. 1st DCA 2011) (noting that any comment that is fairly susceptible to interpretation as a comment on a defendant’s right to remain silent will be treated as such).
 

 We reject the State’s argument that the trial court’s error in allowing the testimony was harmless because we are unable to say beyond a reasonable doubt that the error did not affect the verdict.
 
 See State v. DiGuilio,
 
 491 So.2d 1129, 1135 (Fla.1986). By informing the jury that Appellant failed to mention his reason for having the firearm after being taken into custody, the State lessened the effectiveness of Appellant’s trial defense, a fact which the prosecutor repeatedly noted during his closing argument.
 
 See Hoggins,
 
 718 So.2d at 772 (noting that appellate courts must consider the prosecutor’s comments and argument, even if not objected to, when conducting a harmless error analysis). In that argument, the prosecutor focused upon the fact that Appellant never mentioned his defense “on that day,” thereby reminding the jury of Appellant’s post-arrest silence.
 

 Accordingly, we REVERSE Appellant’s conviction and sentence and REMAND for a new trial.
 

 DAVIS, PADOVANO, and ROWE, JJ., concur.