DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEMETRIUS JEFFREY HOPKINS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2204

[November 20, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph George Marx, Judge; L.T. Case No. 502013F011872A.

Carey Haughwout, Public Defender, and Claire Victoria Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Demetrius Hopkins appeals his conviction for first degree murder with a firearm. Finding merit in Appellant's argument that the prosecutor made an impermissible comment on his post-arrest right to remain silent, we reverse and remand for a new trial. In light of our disposition, the remainder of Appellant's arguments are moot and will not be discussed.

Appellant was arrested and charged with the murder of Jean Nesca ("the victim") after four eyewitnesses present at the bar where the incident occurred identified Appellant as the shooter. Although the testimony of the eyewitnesses varied in detail, the consensus of the testimony established that, on the night of the shooting, an individual with the nickname "Meatball" got into a verbal altercation with the victim. The altercation escalated and the individual physically attacked the victim, rendering him unconscious. Shortly thereafter, the individual pointed a firearm at the still unconscious victim and fired one fatal shot. The murder weapon was never found. When Appellant was arrested the following day, he invoked his right to remain silent.

At trial, Appellant took the stand in his own defense and testified that he was at the bar hanging out with his friend "Rico" when the shooting occurred. Appellant was adamant that that he did not shoot the victim and that the eyewitnesses misidentified him as the shooter. Appellant further insisted that it was a coincidence that he and the actual shooter shared the same nickname "Meatball." During cross-examination, the prosecutor brought up Rico and asked Appellant the following question: "And today in 2018 is the first time we're hearing about this guy name[d] Rico?" Defense counsel objected, arguing that the comment constituted an improper comment on Appellant's right to remain silent. The State countered that Appellant waived his right to remain silent by testifying at trial and the court overruled the objection.

Under Florida law, the State is not permitted to "comment on a defendant's postarrest silence" and this prohibition applies "to *all* evidence and argument, including impeachment evidence and argument, that [is] fairly susceptible of being interpreted by the jury as a comment on silence." *State v. Hoggins*, 718 So. 2d 761, 769 (Fla. 1998); *accord Ferrari v. State*, 260 So. 3d 295, 312 (Fla. 4th DCA 2018). Importantly, a defendant does not waive this prohibition by electing to take the stand and testify at trial. *Hoggins*, 718 So. 2d at 769.

This Court's holding in *Shabazz v. State*, 928 So. 2d 1267 (Fla. 4th DCA 2006) is instructive. In that case, the state presented testimony establishing that the defendant shot at the victim first and the victim returned fire. *Id.* at 1268. The defendant took the stand in his own defense and, in contrast to the state's evidence, testified that the victim opened fire first and that he merely shot back in self-defense. *Id.* Notably, the physical evidence was inconclusive as to who actually shot first. *Id.* In an attempt to imply that his story was recently fabricated, the prosecutor asked the defendant the following question: "This is the first time you've told your version of the events, right here to this jury, you've never told it to anybody else before, have you?" *Id.* Defense counsel objected and moved for a mistrial based on the prosecutor's comment on defendant's right to remain silent, and the court overruled the objection and denied the motion. *Id.* at 1269.

In reversing the defendant's second degree murder conviction, we held that "[t]he prosecutor's question was fairly susceptible of being interpreted by the jury as a comment on [defendant's] right to remain silent and therefore was improper." *Id.*; *see also Burgess v. State*, 644 So. 2d 589, 592–93 (Fla. 4th DCA 1994) (improper for a prosecutor to make a comment "showing that the defendant did not make a statement until his testimony at trial"); *Hosper v. State*, 513 So. 2d 234, 235 (Fla. 3d DCA 1987) ("The

prosecution is not permitted to comment upon a defendant's failure to offer an exculpatory statement prior to trial, since this would amount to a comment upon the defendant's right to remain silent.").

The prosecutor's question in the instant case is indistinguishable in substance from the question posed in *Shabazz*. Similar to the prosecutor in *Shabazz* who impermissibly asked the defendant whether "[t]his is the first time you've told your version of the events, right here to this jury," the prosecutor in the instant case asked Appellant "[a]nd today in 2018 is the first time we're hearing about this guy name Rico?" This question, which was neither limited in time nor scope, was broad enough to encompass both pre-arrest and post-arrest silence and therefore fairly susceptible of being interpreted as a comment on Appellant's post-arrest right to remain silent. *See West v. State*, 69 So. 3d 1075, 1077 (Fla. 1st DCA 2011). Moreover, although defense counsel only lodged a comment on silence objection, the prosecutor's question also improperly shifted the burden of proof by implying that Appellant had the burden of offering an exculpatory statement prior to trial. *See Lenz v. State*, 245 So. 3d 795, 798–99 (Fla. 4th DCA 2018) (analyzing whether the prosecutor's comment, which was only objected to on burden-shifting grounds, also constituted an improper comment on silence and reiterating that comment on silence objections are generally indistinguishable from burden-shifting objections).

In light of the lack of physical evidence linking Appellant to the murder and the conflict between Appellant's testimony and the testimony of the eyewitnesses, it cannot be said that the error was harmless. *See Hoggins*, 718 So. 2d at 772 ("When the evidence against the defendant is not clearly conclusive, comment on postarrest silence is not harmless."); *Shabazz*, 928 So. 2d at 1269 (holding that because the evidence against the defendant was inconclusive and the case consisted of conflicting stories for the jury to resolve, there was a reasonable possibility that the impermissible comment on silence affected the verdict).

*Reversed and remanded for a new trial.*

TAYLOR and MAY, JJ., concur.

*         *         *

**Not final until disposition of timely filed motion for rehearing.**